SMITH, Respondent, v. TAYLOR, Appellant.

No. 8046; December 26, 1883.

1 Pac. 353.

Attachment—Leave of Court to Release.—No sanction by the court is needed to make a release of attached property by the attaching creditor valid.

Craig & Meredith for respondent; C. H. Parker for appellant.

SHARPSTEIN, J.—The finding that "the plaintiff did not, at any time, release or cause to be released from attachment property of the defendant Robinson," is not justified by the evidence, which shows "that real property sufficient in value of the defendant Robinson had been duly attached to satisfy any judgment which might be obtained in said action against said Robinson and Taylor"; and that the sheriff was directed by the attorneys of the plaintiff to release said property of said defendant Robinson from said attachment.

The claim of respondent's counsel that real property attached as this was can only be released by order of the court is not in our opinion tenable. The code provides for a discharge of a writ of attachment, by order of the court on motion of the defendant, on the ground that the same was improperly or irregularly issued. But there is nothing to indicate an intention to preclude an attaching creditor from voluntarily releasing property attached, or that such a release would not be valid until it received the sanction of the court. And we know of no way in which the plaintiff could have made a release more effectual than by directing the sheriff to release the property described from the attachment. The cases which hold that the sheriff could not do this with-

out the order of the court, or the consent or direction of the plaintiff, have no application to this case.

Judgment and order reversed.

We concur: McKinstry, J.; Thornton, J.; Morrison, C. J.; Myrick, J.; McKee, J.