[No. 6284. Decided November 9, 1906.]

F. B. LAZIER, *Respondent*, v. R. W. CADY *and* L. H. HIGGINS

(*Intervener*) *Appellants.*[1]

VENDOR AND PURCHASER—FRAUD OF VENDOR—RECOVERY OF PUR-
CHASE PRICE.  The part owner of land who was induced to sell at a
low price through the fraudulent representations of his co-owner as
to the amount that is to be obtained through a contemplated sale, is
entitled to recover from the purchaser, after such sale, the amount of
the unpaid purchase price, to the extent of his portion of the
profits.

EVIDENCE—RECEIPT—ORAL EVIDENCE OF CONTRACT.  A receipt for
$1,000, reciting that it was in part payment for certain land, does
not preclude oral evidence of the actual contract of the parties
where the same is consistent with the terms of the receipt.

DEPOSIT IN COURT—FRAUD—EQUITY.  In an action by a vendor to
recover purchase money, obtained by fraud in the sale of lands,
the amount tendered and deposited in court by an intervener, claim-
ing as successor in interest of the defendant, and which was not ac-
cepted, cannot be awarded to the plaintiff, upon judgment against
the defendant, but belongs to the intervener.

Cross-appeals from a judgment of the superior court for
Pierce county, Huston, J., entered March 19, 1906, upon find-
ings in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action to recover the amount
due from the sale of land.  Affirmed in part and reversed in
part.

*Ellis & Fletcher*, for appellant Cady.

*Charles O. Bates*, for intervener.

*William L. Waters* and *Harry H. Johnston*, for respond-
ent.

RUDKIN, J.—On the 20th day of January, 1906, the de-
fendant Cady, acting for himself and the plaintiff Lazier,
purchased an option on eight acres of tide land, in Pierce

[1]Reported in 87 Pac. 344.

county, for the sum of $100. The option contract provided that the holder of the option might purchase the land within thirty days at $2,500 per acre, or $20,000 in all, the terms of payment to be $4,900 cash at the expiration of the option, and the balance in three equal installments of $5,000 each, payable in six months, one year and two years respectively. On January 22, 1906, the plaintiff paid to the defendant Cady his one-half of the option money, and took a receipt acknowledging that the plaintiff held an undivided one-half interest in the option. The plaintiff resided in the city of Seattle, and the defendant Cady in the city of Tacoma.

On the morning of February 7, 1906, the defendant Cady refused a *bona fide* offer of $4,000 per acre for the land, and refused to sell for less than $5,000 per acre. On the afternoon of that day, Cady went to Seattle and called upon the plaintiff. He informed the plaintiff that a considerable portion of the time allowed under their option had elapsed, and that the prospects for the sale of the land were not good; that he had heard nothing that would lead him to believe that the land had materially increased in value; that he had just given an option on the land which would net each of them $1,000, and had received $100 on account of the option; that this option would expire at 10:00 o'clock on the following morning, and that he had come to Seattle to secure the plaintiff's ratification of the option, believing that this was the best they could do under the circumstances. The plaintiff had no knowledge of the offers which had already been made for the land, and knew nothing of its value; and, relying upon the representations of the defendant Cady, he assented to the option which Cady claimed to have given, and received $50 as his share of the option money, taking the following receipt therefor:

"Seattle, Wash., Feb. 7, 1906.

"Received of R. W. Cady Fifty dollars ($50.00), option money in part payment on One thousand ($1,000.00) dollars for F. B. Lazier's interest in an option taken by R. W. Cady

on the following described land, to-wit: Eight acres in Lot One in the Northeast of the northeast of the northeast of section ten, Town. 20, North of Range 3 east.

"F. B. Lazier."

Thereafter, and before the first-mentioned option had expired, the defendant Cady sold the land to the defendant Alexander for the sum of $35,000, or at a profit of $14,000 over and above the original purchase price and commissions on the resale. He thereafter refused to pay to the plaintiff any portion of the profits thus received. The defendant Alexander paid the defendant Cady $13,000 of the purchase price, assumed the $15,000 in deferred payments, and still retained in his hands $7,000 of the purchase price at the time this action was tried.

The original complaint in the action set forth the foregoing facts in substance. The prayer of the complaint was for a judgment of $7,000 against the defendant Cady, and for an order restraining the defendant Alexander from making further payments to the defendant Cady, and requiring him to pay the residue of the money into court. The record shows no answer or other pleading on the part of the defendant Alexander. The defendant Cady answered, but inasmuch as he disclaimed any interest in the fund in court his answer need not be further considered. L. H. Higgins by leave of court intervened in the action, and in his complaint in intervention alleged that he had purchased the interest of the plaintiff in the option in controversy through the defendant Cady, under the receipt above set forth for the sum of $1,000, and that he had repaid the defendant Cady the sum of $50 theretofore paid to the plaintiff on account of such sale. He tendered into court the sum of $950 as the balance due on such sale, and prayed judgment that the fund might be awarded to him. The court found the facts as set forth in the complaint, directed the defendant, Alexander, to pay the balance of $7,000 into court and directed the clerk of the court to pay to the plaintiff, not only the $7,000

paid in by Alexander, but the $950 paid in by the intervener as well. From this judgment, the defendant Cady and the intervener, Higgins, have each appealed.

As stated above, the appellant Cady has disclaimed any interest in the fund in controversy, and his appeal will therefore not be considered. The findings of fact are fully sustained by the testimony, and we see no reason why the decree awarding the $7,000 remaining due on the tide land sale to the respondent should be disturbed. The court found that the appellant Cady misinformed the respondent as to the contents of the receipt of February 7, 1906. We do not deem it necessary to consider or decide whether the respondent should be permitted to contradict or vary the terms of the receipt under the circumstances stated, as we are clearly of opinion that the receipt itself does not preclude parol evidence of the actual agreement between the parties. Indeed, the testimony of the respondent and his witnesses as to the circumstances surrounding the giving of the receipt and the actual agreement of the parties is fully as consistent with the terms of the receipt as is the claim of the appellants. The receipt does not contain the terms of any contract nor preclude oral evidence as to the actual agreement of the parties, and the court was fully warranted in finding that there was in fact no sale from the respondent to the intervener.

The intervener further contends that this was an action to set aside a sale, and that the respondent should have tendered back the $50 received from Cady on account of the sale. Cady has disclaimed and is not here complaining. Furthermore he received his $50 back from the intervener, and if the intervener paid Cady the sum of $50 in furtherance of their common design to defraud the respondent, a court of equity will not lend its aid to recover it. As between the respondent and the intervener, the judgment awarding the $7,000 to the former is clearly right. The court, however, went further and awarded to the respondent the $950 which

the intervener paid into court in support of his claim that he had purchased the interest of the respondent. The respondent himself never accepted the tender, and could not do so without waiving his claim to the other fund in court. The $950 fund was at all times the property of the intervener and still remains so. The respondent cites authorities holding that, where money is paid in pursuance of an illegal contract, a court of equity will not aid the party who makes the payment to recover it. These cases are perhaps good law, but they have not the slightest application here. The intervener is not asking the aid of a court of equity to recover money which he has paid to another; he is simply protesting against the action of the court in awarding his money to one who has no conceivable claim thereto.

For the foregoing reasons the judgment is affirmed as to the appellant Cady, and the respondent will recover from him one-half his costs on this appeal. As to the appellant Higgins, the judgment is affirmed as to the award of the $7,000, but as to the award of the $950, the judgment is reversed, and the intervener will recover his costs on appeal from the respondent. The case will be remanded to the court below with directions to modify its decree as above indicated.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.

CROW and ROOT, JJ., took no part.