# SOUTHWESTERN BROOM & WAREHOUSE CO. v. CITY NATIONAL BANK.

### No. 5166.    Opinion Filed November 16, 1915.

### (153 Pac. 204.)

1.  **EVIDENCE—Admissions in Pleadings—Right to Contradict.** A litigant will not be permitted to introduce testimony that contradicts admissions made in his pleadings.

2.  **PLEADING — Amendment — Request.** Under this jurisdiction amendments are favored and ordinarily should be allowed, when a timely request is made therefor; but a party should be diligent in making such requests, and, as soon as the fact develops that an amendment is necessary, the request therefor should be made at the first opportune moment.

3.  **SAME—Discretion.** In an action where it was apparent in the petition that plaintiff based its cause upon a certain fact, and defendant's answer admitted that fact to be true, and counsel for plaintiff in his opening statement asserted that fact to be true, and in the opening statement of defendant, when it was stated that defendant would offer certain testimony which tended to contradict said admission, the court sustained an objection to the statement along that line, and when the court, during the trial, repeatedly sustained objections to evidence offered by defendant which tended to contradict said admission, **held,** the court did not abuse its discretion when it refused defendant permission, at the close of defendant's testimony, to amend its answer by striking out said admission.

4.  **ATTACHMENT—Attached Property—Right to Release—Direction of Attaching Party.** A sheriff may release attached property when so directed by the attaching party, or his attorney, without an order of court.

5.  **APPEARANCE—General Appearance—Nonresident Defendant—Attachment.** Where, upon the commencement of an action against a nonresident, an attachment is issued and levied, but no attempt is made to get service upon defendant, and, after the expiration of sixty days, the defendant appears specially for the purpose of filing a motion to discharge the attachment, which motion is overruled, and the defendant answers and also files a cross-action against plaintiff for damages incurred by reason of said attachment, **held,** defendant thereby waived its objection to the juris-

diction of the court, and the asking of such affirmative relief operated as a general appearance.

(Syllabus by Mathews, C.)

*Error from District Court, Texas County;*
*R. H. Loofbourrow, Judge.*

Action by the City National Bank against the Southwestern Broom & Warehouse Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*E. L. Foulke, C. A. Matson, J. D. Wall, Frank Harris,* and *James E. Breslin,* for plaintiff in error.

*John L. Gleason* and *Phil. J. Breslin,* for defendant in error.

Opinion by MATHEWS, C. The parties hereto will be designated as in the trial court. This action was instituted in the district court of Texas county upon a protested draft in the sum of $1,085.40 given by defendant to plaintiff. At the same time an attachment writ was sued out and levied upon certain broom corn, the property of defendant.

Plaintiff, in its amended petition, alleges, in substance, that on the 12th day of October, 1911, one J. P. Montgomery was the owner of a certain lot of broom corn located at Goodwell, Okla., and, the said Montgomery being indebted to plaintiff in a sum in excess of $5,000, on this date the plaintiff instituted suit against the said Montgomery thereon, and also caused an order of attachment to be issued and levied on said broom corn; that thereafter, on the same day, the defendant purchased said corn from the said Montgomery, and, in order to procure the release of the attachment, the defendant agreed to pay plaintiff the purchase price agreed upon for said corn between defendant and the

said Montgomery, and thereupon the said defendant delivered to plaintiff its check for $1,085.40, and upon receipt of said check, and in consideration therefor, plaintiff released its attachment, and the defendant took possession of said broom corn; and that payment of the check was refused and same duly protested.

The defendant answered by alleging, in substance, that on October 11, 1911, its agent agreed to purchase of one J. P. Montgomery a car of broom corn at Goodwell with the understanding that the same should be delivered clear of incumbrances; that on said date the defendant informed said Montgomery that it would take said broom corn at the agreed price if delivered to it clear of incumbrances; that on the next day it learned that said broom corn had been attached by this plaintiff and was in possession of the sheriff; that plaintiff informed defendant that it might load the broom corn, but could not ship it out, as it was in the hands of the sheriff; that said broom corn was accordingly weighed and loaded into a car, and on the evening of the 12th of October, 1911, plaintiff informed defendant's agent that, if he would give it a check for the amount the broom corn was bought for, it would release the attachment and deliver the broom corn, and, relying thereon, the check herein sued on was delivered to plaintiff. Defendant further alleges that on the morning of the 13th of October, 1911, it was informed that the plaintiff and the sheriff had not and would not release the attachment, and that at once its agents informed plaintiff of that fact and demanded return of the check, which being refused, payment thereon was stopped and defendant's claim to the broom corn released. Defendant alleged further that during all the times mentioned herein plain-

tiff had a claim on the broom corn which had not been released, and, for the reason that the sheriff and plaintiff did not release the broom corn of the claims thereon, the consideration for the check failed; that the broom corn, for which the check was given, was not the property of the plaintiff, as the title and ownership of the same was vested in said Montgomery and the possession in the sheriff at that time; and that the sale was never completed and title never passed, and plaintiff had no authority to sell the broom corn to defendant; that the checks given by Montgomery drawn upon plaintiff bank for the purchase of the aforesaid broom corn to the farmers who produced the same had gone to protest, and the said producers had not been paid for said broom corn; and that the said Montgomery and plaintiff were endeavoring at said time to defraud them out of said broom corn; and that as soon as defendant learned of the scheme it notified plaintiff that it would have nothing to do with the deal. Defendant also filed a cross-action against plaintiff, wherein it asked for damages in the sum of $1,738 on account of the levying of the attachment upon certain property belonging to defendant.

The plaintiff filed a general denial. At the beginning of the trial, each side moved for judgment upon the pleadings, which was denied to each.

The jury returned a verdict in favor of the plaintiff, and defendant has appealed, assigning numerous errors for our consideration here.

Immediately before the close of defendant's testimony, defendant made the following motion, which was by the court overruled:

"Comes now the defendant and moves the court for an order to amend the answer of the defendant filed

herein to conform to the proof in this case, by striking out the words 'the ownership of J. P. Montgomery,' or words to that effect."

As we view the controversy presented in this case, the pivotal point is whether or not the court abused its discretion in thus refusing the amendment as requested in the above motion. The plaintiff's theory of the case was based upon the supposition that the broom corn in controversy was owned by Montgomery, and, if its contention was correct, the plaintiff was entitled to prevail in this action. The contention advanced by defendant, as one of its defenses, was that Montgomery did not own the broom corn, but that title to the same remained vested in· the parties from whom Montgomery had purchased the same, but had failed to pay therefor, as the plaintiff bank, upon which the checks given in payment had been drawn, protested the checks and refused payment.

To checkmate this contention advanced by defendant, the plaintiff urges that in its petition the defendant had affirmatively alleged that, at the time of the sale of the broom corn to defendant, the same was owned by Montgomery, and that the defendant in its answer had also affirmatively alleged that, at the time of the attempted sale, the title to the broom corn was in Montgomery, and argues that, defendant having made such an admission in its pleadings, it was thereby estopped from introducing evidence to prove to the contrary.

It is elementary that a litigant is bound by admissions made in his pleadings and will not be heard to gainsay or deny such admissions, and, as long as this admission that Montgomery owned the broom corn at the time of the sale remained in defendant's answer, it

was proper for the court to reject all evidence presented by defendant attacking such ownership.

Under this jurisdiction, amendments are favored, and ordinarily should be allowed when a timely request is made for such permission; but a party should be diligent in making such requests, and, as soon as the trial develops the fact that an amendment is necessary or desired, the request therefor should be made at the first opportune moment and under all ordinary circumstances should be allowed, but trial courts should not permit a party to delay its request for an amendment long after the necessity for the same becomes apparent and speculate upon results of the trial, and after being defeated therein along a certain line to come in at the last moment with a delayed request for an amendment. In many instances, such a procedure would be unfair to the other side, because, having tried the case and presented its evidence along a certain line and relying upon certain admissions in the pleadings of the other party, witnesses on that point might have been permitted to depart from court, and thus the party trapped at the last moment by being called upon to meet a phase in the case which it had a right to presume was closed.

Now, take the case at bar: It appears to have been a long and tedious trial taking up the better part of two days. It was plainly apparent from plaintiff's amended petition that it was basing its action on the supposition that the broom corn out of which the controversy arose was the property of Montgomery. It was apparent from the opening statement of counsel for plaintiff that plaintiff was relying upon the position that the broom corn was owned by Montgomery, and, while the counsel for defendant was making his open-

ing statement to the jury, an objection to certain parts of the statement was made by counsel for plaintiff upon the specific ground that defendant had admitted that Montgomery was the owner of the broom corn, and the court sustained the objection so made, and plaintiff during the trial frequently interposed the same objection, and thus from the very beginning and continuously thereafter it was brought directly to defendant's knowledge that plaintiff was so contending, and, to have it more forcibly impressed, defendant was continually met by the court's ruling invariably sustaining plaintiff's objection for that reason. If the law's reward is for the diligent, then in this case defendant fails to fall within its pale. Defendant was further derelict in its failure to conform to the rule by offering some sufficient reason or excuse why such an allegation appeared in its pleadings, and the request is not accompanied with any statement that the admission was made through mistake, inadvertence, or misinformation, but the only reason given is that the pleadings might be made to conform to the proof, when in fact the proof offered along that line had been excluded, upon objection, by the court.

In *First State Bank of Keota v. Bridges*, 39 Okla. 355, 135 Pac. 378, the first paragraph of the syllabus is as follows:

"Where defendant's answer admits a fact alleged by plaintiff and essential to his right to recover, but after defendant had made his opening statement to the jury, in no wise inconsistent with such admission, and after motion thereupon for peremptory instruction of verdict against him is made, it is not error for the court, in the exercise of a sound judicial discretion, to refuse to permit him to amend such answer by denial

of such fact, when the request for leave to so amend is merely upon the ground that he had not intended to admit such fact, but is not accompanied by statement of why such admission was made or unequivocal assertion of any basic ground for such proposed denial or by any clearly sufficient reason for the desire to amend."

For the reasons above given, we believe the court was acting well within his discretion when he refused to allow defendant to make the requested amendment.

During the trial, upon objection being made by the plaintiff, the court excluded evidence offered by defendant tending to prove that neither Montgomery nor the plaintiff bank had any title to the broom corn in controversy. The court likewise excluded evidence offered by the defendant to show that the broom corn in question had been replevied by the parties who sold the same to Montgomery, and judgment entered therefor in their favor, and that the checks given by the said Montgomery for the purchase of the broom corn and drawn upon the plaintiff bank had not been paid, but protested. In view of the fact that defendant had admitted in its pleadings that the said Montgomery was the owner of the broom corn at the time of the sale to defendant, this fact rendered the evidence thus offered inadmissible, as it tended to contradict the pleadings.

The defendant contends that the attachment upon the broom corn levied by the plaintiff in its action against Montgomery had never been released, and that, as the property remained in the hands of the sheriff, possession of the broom corn had never been given it, and for that reason the check was rendered invalid by failure of consideration. This was one of the issues in the

case, and evidence thereon was introduced by both parties to the controversy. The sheriff and others testified that, in the presence of defendant's agent on the evening of the same day the attachment was run, he (the sheriff) announced that the attachment was released and that the agent then had the broom corn in his possession. The agent contradicted this statement, and the matter went to the jury upon the following instruction:

"You are further instructed that, when an officer takes possession of property under a writ of attachment, the property so attached may be released either by a dismissal of the action or by a discharge of the attachment in the records of the court out of which the writ issued, or the same may be released orally by the statement of the sheriff, and the sheriff has authority to release attached property by the agreement of the parties to the suit out of which the attachment issued, or the sheriff has authority to release property attached, upon the instruction or request from the attorneys of the person or party causing the property to be attached."

In the above instruction the court stated the law correctly, because the sheriff should always release attached property upon the request of the attaching party or his attorney, and he can do so in such cases even without an order of the court from which the attachment issued. *Smith v. Taylor*, 64 Cal. 387, 1 Pac. 353; *Cole et al. v. Edwards et al.*, 52 Neb. 711, 72 N. W. 1045; 4 Cyc. 675, 676.

Defendant next complains of the action of the court in giving instructions Nos. 1, 2, 5, 6, and in refusing to give instructions Nos. 2, 3 and 4, offered by it. In view of the fact that defendant has not complied with rule 25 of this court (38 Okla. x, 137 Pac. xi), by failing

to set out in his brief the instructions, or the portions thereof, complained of, we will not take up these objections and discuss the same here. However, we have carefully examined the instructions complained of, both those given and those refused, and find no error in the court's action relative thereto, and every point raised here by the defendant has been discussed heretofore in this opinion and decided adversely to defendant's contention. ·

This action was filed on the 16th day of October, 1911. The defendant was a nonresident of the state. At the time the suit was filed, an attachment was sued out and levied upon certain personal property belonging to defendant. No effort was made to serve summons upon defendant, by publication or otherwise. On the 27th day of January, 1912, the defendant filed a motion to discharge the attachment upon the statutory ground that more than sixty days had elapsed since the filing of the petition and issuance of the attachment and no service of any kind had been made on the defendant and no attempt made to do so. This motion came on to be heard before the court in chambers, and the motion to dissolve the attachment was overruled. In due time, defendant filed its answer and cross-petition as set out above. Conceding that the court was in error in denying defendant's motion to dissolve the attachment, when the defendant filed its cross-action asking for affirmative relief by way of damages against plaintiff for having the attachment run on its property, it thereby waived its objection to the jurisdiction of the court. In *William Cameron & Co. v. Consolidated School Dist. No. 1 of Kiowa County et al.*, 44 Okla. 67, 143 Pac. 182, we find:

"A defendant, who has objected to the jurisdiction of the court over his person, may, after his objection has

been overruled, in any manner defend against the action without waiving his objection; but if he does more and, aside from his defense, voluntarily demands affirmative relief in the same action, and thus invokes the jurisdiction of the court in a manner unnecessary to his defense, he will be deemed to have waived such objection."

See, also, *Oates et al. v. Freeman* (No. 5790), 157 Pac. 74, not yet officially reported.

The judgment should be affirmed.

By the Court: It is so ordered.