[No. 26367. Department One. January 22, 1937.]

W. E. HALL, *Respondent*, v. W. I. DAILEY *et al.,*
*Appellants.*[1]

*E. A. Cornelius,* for appellants.

*W. L. LaFollette* and *H. J. Welty,* for respondent.

BLAKE, J.—In December, 1934, there was an action
pending in the superior court of Spokane county, in
which B. F. Davis, D. M. Davis, and Myrtle D. Bruce
were plaintiffs, and one G. W. Hall was defendant.
The plaintiffs in that action caused a writ of attach-
ment to issue and a purported levy to be made upon
certain personal property, of which G. W. Hall was
thought to be the owner. The property consisted of
stock and farm implements located and used on a farm
near Steptoe, in Whitman county.

In May, 1935, W. E. Hall brought this action in the
superior court of Whitman county against B. F. Davis,

[1] Reported in 64 P. (2d) 86.

198

D. M. Davis, and Myrtle D. Bruce, alleging that the property upon which the attachment was levied belonged to him, that he was entitled to possession thereof, and that the defendants had converted the property to their own use, to plaintiff's damage in the sum of five thousand dollars. He prayed for judgment in that amount.

Defendants answered, admitting the attachment, and alleging that the property belonged to G. W. Hall. Defendants also alleged that if W. E. Hall had any interest in the property, such interest was the result of a secret trust arising from the purchase of the property by G. W. Hall with funds belonging to W. E. Hall; that title to the property was taken in the name of G. W. Hall for the purpose of defrauding the creditors of W. E. Hall; that W. E. Hall is estopped from claiming title to the property. (We think it is unnecessary to set out the facts which defendants allege constitute the claimed estoppel.)

The reply in substance is a denial of the affirmative allegations of the answer.

The case was tried to the court, which made findings to the effect that the property in question at all times belonged to the plaintiff, W. E. Hall; that G. W. Hall had no interest in it; that W. E. Hall was not guilty of "any fraud . . . in relation to said property and is not estopped to claim the same as his own." The court further found that the attachment was insufficient and ineffectual, in that the officer attempting to make the attachment did not take actual or constructive possession of the property. It was further found that, while the attachment was insufficient and illegal, it "hampered and interfered with the free use . . . of said property, but was not a sufficient interference . . . to constitute conversion."

The court, as conclusions of law, declared that the

complaint would be considered amended to conform to the proof and evidence, and the action be considered as one of replevin; that plaintiff was entitled to a judgment awarding him immediate possession of the property in controversy. From a judgment accordingly entered, defendants appeal.

We are met at the threshold by a motion to dismiss the appeal, on the ground that the question at issue has become moot. In support of the motion to dismiss, the sheriff of Whitman county made affidavit averring that, on February 29, 1936, B. F. Davis, D. M. Davis, and Myrtle D. Bruce had instructed him to release the property in controversy; that, by virtue of such instructions, he surrendered possession of the property to W. E. Hall; that since that date affiant "has not had said property in his possession or under his control in any way, but that the same passed into the possession of W. E. Hall." Respondent, W. E. Hall, made affidavit of similar import. No controversion is made by any of the appellants themselves. Their attorney, in resistance of the motion to dismiss, has filed his own affidavit, in which he "denies statements made in the said affidavit" of W. E. Hall. He avers that the attachment has not been released, and that no steps have been taken "looking toward the dissolution of said attachment."

The theory of appellants seems to be that it requires an order of court to discharge the attachment. But such is not the rule. An attachment may be discharged by a surrender of the attached property to the owner. *Smith v. Taylor,* 64 Cal. 387, 1 Pac. 353; *Southwestern Broom & Warehouse Co. v. City Nat. Bank,* 52 Okla. 422, 153 Pac. 204; *Cole v. Edwards,* 52 Neb. 711, 72 N. W. 1045. See, also, *Security Nat. Bank v. Truscon Steel Co.,* 92 Okla. 81, 218 Pac. 665, at p. 668. In the first case above cited, the court said:

"The Code provides for a discharge of a writ of attachment, by order of the court on motion of the defendant, on the ground that the same was improperly or irregularly issued. But there is nothing to indicate an intention to preclude an attaching creditor from voluntarily releasing property attached, or that such a release would not be valid until it received the sanction of the court. And we know of no way in which the plaintiff could have made a release more effectual than by directing the sheriff to release the property described from the attachment."

While the findings of the court are adverse to appellants on the issue of ownership of the property, the judgment is not. On that issue, had the court not found the levy of the attachment ineffectual, it doubtless would have rendered a judgment in damages for conversion. The judgment entered by the court, however, was simply to dismiss "the pretended and purported attachment," declare W. E. Hall's right to possession of the property, and direct "that the sheriff surrender the same" to him.

On the showing made on the motion to dismiss the appeal, it appears that appellants have already done all that could be required of them under the judgment. If the judgment were affirmed, nothing further could be demanded of them, except costs. A reversal of the judgment would not restore the attachment. For, under the authorities above cited, the attachment has been effectually discharged by direction of appellants themselves.

The situation presented on the motion to dismiss the appeal is closely analogous to that presented in *Lazier v. Cady,* 44 Wash. 339, 87 Pac. 344, in which the court held that, where a decree deals solely with the disposition of certain funds, the appeal of a defendant who disclaims any interest in the funds will not be considered.

So here, the judgment dealing solely with the right to possession of the property, and the appellants having relinquished any right to possession they might have had under their attachment, their appeal will not be considered. The case is moot.

The motion to dismiss the appeal is granted.

STEINERT, C. J., MAIN, MILLARD, and GERAGHTY, JJ., concur.