[Civ. No. 1208. Fifth Dist. Dec. 17, 1970.]

GILBERT M. BOOLOODIAN, Plaintiff and Respondent, v.
SATNIG OHANESIAN, Defendant and Appellant.

**COUNSEL**

Belan M. Wagner for Defendant and Appellant.

Dwight A. Carlson and James C. Janjigian for Plaintiff and Respondent.

**OPINION**

**COAKLEY, J.**—This appeal is from an order denying appellant's motion for an order requiring the Sheriff of Fresno County to deliver to appellant funds held by him pursuant to writ of attachment issued in this action. This is an appealable order (Code Civ. Proc., § 904.1, subd. (e).) The sheriff was not joined in the motion and did not appear.

The facts surrounding the transfer will be set out and discussed below. At this point, we hold, only, that in the absence of compelling authority, we summarily reject the concept that a sheriff may be held liable for funds transferred by him in the course of his official duties, without being made a party defendant or joined in the proceeding in some appropriate manner, and where he is not given an opportunity to appear and contest his alleged liability. Appellant cites no authority to support her contention, and we know of none.

Further, the Legislature has expressly exempted levying officers from liability for funds attached and held by them where, in releasing such funds, they act pursuant to the provisions of section 544, Code of Civil Procedure, *infra*.

There is another and independent reason for affirming the judgment. It involves a determination as to which of two statutes regulating attachments is controlling under the special circumstances of this case.

Code of Civil Procedure section 542b reads as follows: "An attachment or garnishment on personal property, . . . shall, unless sooner released or discharged, cease to be of any force or effect and the property levied on be released from the operation of such attachment or garnishment, at the expiration of three years after the issuance of the writ of attachment under which said levy was made; and the property levied on shall be delivered to the defendant or his order or to his assignee or executor or administrator."

Code of Civil Procedure section 544 reads in relevant part as follows: "The levying officer shall release such attachment or garnishment in full or in part as required, by issuing a written release addressed to the person served with the copy of the writ and notice, upon (1) written direction of

the plaintiff or his attorney, or (2) upon receipt by the officer of an order of the court in which the action is pending, . . . discharging or dissolving the attachment or garnishment or releasing the property. . . . There shall be no liability for such persons acting in conformity with such releases or for such officers releasing such attachments or garnishments in accordance with the foregoing."

The garnishment, in this case, was made pursuant to a writ issued on June 18, 1963. The garnished funds were released by the sheriff to the referee in bankruptcy and to the bankrupt, jointly, in November 1967. Appellant contends that Code of Civil Procedure section 542b controls, and that the garnishment terminated by operation of law on June 18, 1966, three years "after the issuance of the writ of attachment under which said levy was made," and that, therefore, she was entitled to receive the money. Respondent, on the other hand, relies on Code of Civil Procedure section 544, and contends that pursuant thereto he was entitled to direct the sheriff to release the garnishment, and that such direction did not require the consent and approval of either the appellant, the defendant in the superior court action, or of the court. He cites *Smith* v. *Robinson*, 64 Cal. 387 [1 P. 353], and *Hesser* v. *Rowley*, 139 Cal. 410 [73 P. 156], as case authority for his contention. *Smith* is squarely in point in support of the respondent's contention, absent the element of the bankruptcy proceedings, which we consider below. *Hesser* is to the same effect, i.e., that an attaching creditor may direct the sheriff to release the attachment. "There is nothing in the statutes to indicate an intention to preclude an attaching creditor from voluntarily releasing property attached, or that such a release would not be valid until it received the sanction of the court." (5 Cal.Jur.2d, Rev., Attachment and Garnishment, § 75, p. 848.)

Certain facts are necessary to a full understanding of what occurred and our decision with respect thereto. For brevity in summarizing and discussing the facts, we shall use the following designations: "Booloodian," referring to the plaintiff-respondent; "Ohanesian," referring to the defendant-appellant; "Kalustian," referring to the debtor under the chapter XI bankruptcy proceeding; "referee," referring to the referee in bankruptcy; "sheriff," referring to the Sheriff of Fresno County.

Booloodian sued Ohanesian on a note. On June 19, 1963, the sheriff, on Booloodian's direction, levied a garnishment on payments allegedly due from Kalustian to Ohanesian. Within the next few weeks, payments totaling $2,757.52 were made by Kalustian to the sheriff pursuant to the garnishment. On August 9, 1963, Kalustian filed a petition in bankruptcy under chapter XI of the Bankruptcy Act (11 U.S.C. § 701 et seq.) The bankruptcy court took control of all of Kalustian's property and assets for the

purpose of administering and preserving the bankrupt estate. It did so pursuant to federal bankruptcy statutes which uniformly have been interpreted as conferring upon the bankruptcy court exclusive jurisdiction of the bankrupt's property. (See 11 U.S.C. §§ 11, 711, and cases cited in the annotations to those sections; 8 C.J.S., Bankruptcy § 20, pp. 634 et seq.) Section 67 of the Bankruptcy Act (11 U.S.C. § 107(A)(1)) declares null and void all attachment liens obtained within four months preceding the filing of a petition in bankruptcy. Accordingly, and as is customary, the bankruptcy court promptly issued its order specifically restraining Booloodian, Ohanesian, and other named persons from enforcing their liens against the property of Kalustian, pending further order of the court.

Between November 17 and 30, 1967, the following occurred: The superior court made a written order dissolving the attachment. Its order recites that it did so pursuant to stipulation of all of the parties, including Booloodian and Ohanesian. Neither the motion which brought the matter on for hearing nor the stipulation referred to in the order is a part of the record before us. There is in the record a written stipulation between Booloodian and Kalustian calling for the release of the attachment and directing that the money in the hands of the sheriff be paid to Kalustian and to the referee. Booloodian directed the sheriff, in writing, to release the $2,757.52 to Kalustian and to the referee jointly. Kalustian and the referee gave similar directions to the sheriff, in writing. The sheriff delivered his check as directed, payable jointly to Kalustian and to the referee. The funds have been in the hands of the referee continuously since the sheriff's check was delivered to him in November of 1967.

On June 3, 1968, judgment was rendered in favor of Ohanesian and against Booloodian in the latter's suit on a promissory note. There has been no appeal from that judgment. In September 1968, Ohanesian filed a motion for an order discharging attachment. This appeal is from an order denying that motion. The court based its denial of the motion upon the grounds that section 544 of the Code of Civil Procedure, not Code of Civil Procedure section 542b, was controlling in this case.

Ordinarily, it would have been the sheriff's duty to follow the mandate of Code of Civil Procedure section 542b and release the money to the defendant on or after June 18, 1966, three years from the issuance of the writ pursuant to which the sheriff came into possession of the funds. This, however, is not the ordinary case. ▮ Here, a bankruptcy intervened and with it an automatic tolling of all statutes of limitation, state and federal. (See 11 U.S.C. §§ 791 and 29f, which is applicable to ch. XI proceedings by virtue of § 702.)

We know of no exceptions to the federal statute suspending all statutes of limitations. ■ Code of Civil Procedure section 542b on which Ohanesian relies is analogous to a statute of limitations. (*Boyle* v. *Hawkins,* 71 Cal.2d 229, 239 [78 Cal.Rptr. 161, 455 P.2d 97].) ■ The Kalustian bankruptcy proceeding is still pending. Therefore, Code of Civil Procedure section 542b requiring release of the funds to the defendant, Ohanesian, after three years from the date of levy was, and continues to be, suspended. Accordingly, the sheriff was, and is, under no obligation to return the money to Ohanesian. Meanwhile, he acted properly and pursuant to a law, viz., Code of Civil Procedure section 544, in delivering the funds to Kalustian and to the referee, jointly, as directed by them.

As the trial court pointed out in its memorandum denying appellant's motion, there appears to be an inconsistency and lack of logic between Code of Civil Procedure sections 542b and 544. Neither section, however, is unconstitutional. Accordingly, our task is to interpret the statutes as we find them. This we have attempted to do.

*Arcturus Mfg. Corp.* v. *Superior Court,* 223 Cal.App.2d 187 [35 Cal. Rptr. 502], chiefly relied on by Ohanesian to support her position, is not helpful. That case holds that (1) attachments are harsh remedies and solely the creatures of statute; (2) such statutes must be strictly construed; and (3) once the lien has terminated it becomes totally ineffective and cannot be renewed.

Nothing we have said herein is intended as being in disagreement with the *Arcturus* decision. We, too, base our decision upon a statute regulating attachments, namely, Code of Civil Procedure section 544, whereas appellant would have us apply Code of Civil Procedure section 542b. Appellant's reliance on *Arcturus* overlooks the all-important fact that because of the federal statute suspending all state and federal statutes of limitation while bankruptcy proceedings are pending, Code of Civil Procedure section 542b was tolled and the three-year period therein provided has not yet run. Nor was the lien renewed. Because of the suspension of Code of Civil Procedure section 542b, the original levy continued in effect until it was released upon the written direction of Kalustian and the referee in November 1967.

The judgment is affirmed.

Stone, P. J., and Gargano, J., concurred.

A petition for a rehearing was denied January 13, 1971, and appellant's petition for a hearing by the Supreme Court was denied February 24, 1971.