Argued April 5, affirmed April 20, 1966

IN THE MATTER OF THE ESTATE OF
## JOHN DOUGLAS FINK, DECEASED
## CRONE *v.* FIRST NATIONAL BANK OF OREGON ET AL

413 P. 2d 406

*George L. Wagner,* Portland, argued the cause for appellant. With him on the briefs were McColloch, Dezendorf & Spears, Portland.

*Richard Kingsley,* Lebanon, argued the cause for respondents. With him on the brief were Morley, Thomas, Orona & Kingsley and Laurence Morley, Lebanon.

Before McALLISTER, Chief Justice, and PERRY,

SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

## SLOAN, J.

On July 24, 1944, one John D. Fink executed his will. He provided in the will that "* * * a dower or one third" of all of his property should go to his wife, Ellen. In 1962, Ellen and John were divorced. John died in 1963. This case is a contest between those who would take under the will, if the will remained unrevoked on John's death, and John's heirs at law. The trial court held that the divorce revoked the will by reason of ORS 114.130. The proponents of the will appeal. We affirm.

The cited statute, until it was amended in 1965, provided: "A will made by any person is deemed revoked by his or her subsequent marriage or divorce." *In re Shepherd's Estate,* 1948, 183 Or 629, 194 P2d 425, held that the statute does not create a disputable presumption, but is conclusive.

It was argued that the will contemplated a divorce and, therefore, the statute should not control over the expressed intention of the testator. The reference in the will to the testator's relationship to his wife read:

"I give, devise and bequeath a dower or one third of all my property both real and personal to my wife Ellen Parker Fink who has been a good and faithful wife and whom I hold in deep affection, but due to the fact she has permitted her in-laws to interfere with our marital happiness and said inlaws have shown great contempt and disregard for our well-being and happiness—it is therefore that reason I am not bequeathing my entire estate to my wife Ellen."

The will also used this language which, it is claimed, had reference to the probability of divorce.

"* * * In the event I should be single and unmarried at the time of my demise, I direct that the one third or dower heretofore set aside for my wife shall then be included in the trust fund heretofore mentioned and upon the demise of my mother Sarah Jane Fink, it shall go to * * * Wesley William Crone or and his wife Susie."

The lament about the interfering in-laws nor by the possibility of dying unmarried does not reveal an intent that divorce was imminent or at all anticipated. Even less does it demonstrate an intent that the will should not be revoked in the event of a divorce. It is not, therefore, necessary to decide if such an expressed intent would avoid ORS 114.130 as it read prior to the 1965 amendment. The statute operated to revoke the will.

Affirmed.