Argued July 14, reversed and remanded July 31, 1967

CRONE ET UX, *Appellants, v.* FIRST NATIONAL
BANK OF OREGON ET AL, *Respondents.*

430 P. 2d 563

*George L. Wagner,* Portland, argued the cause for
appellants. With him on the briefs were McColloch,
Dezendorf & Spears, Portland.

*Richard E. Kingsley,* Lebanon, argued the cause for
respondents. With him on the brief were Morley,
Thomas, Orona & Kingsley, Lebanon.

Before PERRY, Chief Justice, and SLOAN, GOODWIN,
DENECKE and LUSK, Justices.

PER CURIAM.

Plaintiffs appeal from a so-called judgment against them upon their failure to plead over after a demurrer to their complaint had been sustained.

The complaint was an attempt to state a cause of suit in equity for relief "in the nature of specific performance" of a contract to make a will in the favor of the plaintiffs. See *Kelley v. Devin,* 65 Or 211, 216, 132 P 535 (1913). The complaint alleged the terms of the contract, the consideration therefor, and the circumstances of nonperformance. (The decedent had made a will, allegedly in accordance with the agreement, but shortly before he died he obtained a divorce and by operation of law thereby revoked the will. See *Crone v. First National Bank,* 243 Or 341, 413 P2d 406 (1966). The decedent died without executing a new will, and, the complaint alleged, thereby breached his contract.)

The complaint did not show on its face whether the agreement was oral or in writing. The demurrer accordingly could not have been sustained upon the ground that the statute of frauds had been violated. Other grounds asserted in support of the order sustaining the demurrer were equally without merit.

The defendants contend that the complaint did not state facts which would entitle a plaintiff to relief in equity. The facts alleged, if provable in view of the statute of frauds and the various exceptions thereto, would entitle the plaintiffs to equitable relief in the nature of specific performance. See *Popejoy v. Boynton et al,* 112 Or 646, 229 P 370, 229 P 1016 (1924). And see cases collected in Note, 42 Or L Rev 133 (1963).

The demurrer should have been overruled and the issues joined on the facts alleged.

Reversed and remanded.