REID, Judge.
This is a suit brought by Mrs. Edna L. Folse, widow of Edgar Leon Folse and Edgar Leon Folse Jr. and Norman J. Folse, sole heirs of their deceased father, Edgar L. Folse against Shelby F. Spruell and his liability insurer, The Travelers Insurance Company for damages in the amount of $20,000.00 personal injuries to Mrs. Edna L. Folse and for damages and expenses in favor of Edna L. Folse, Edgar Leon Folse Jr. and Norman J. Folse for the special damages to the plaintiffs’ automobile, a 1963 Rambler, plus the medical expenses of Mrs. Folse.
The husband of Mrs. Edna L. Folse, Edgar Leon Folse, was living when the accident occurred but died before the suit was filed, and suit was brought for special damages by his widow and two heirs.
The suit is the result of an accident which happened on or about February 11, 1965 at about 12 o’clock noon, between the Folse car driven by Mrs. Edna L. Folse, a 1963 Rambler two door, and a 1961 Corvair automobile owned and being driven by the defendant, Shelby F. Spruell, at the intersection of North Boulevard and Acadian Throughway.
Mrs. Folse was driving the Rambler in a westerly direction on North Boulevard and was being followed by the Spruell car.
The defendants Spruell and his insurer filed an answer denying any negligence on the part of Spruell but plead that the accident was caused by the negligence of Mrs. Folse and that she came to a sudden stop in front of the 1961 Corvair without any reason at all, failed to keep her automobile under proper control, failed to keep a proper lookout to the rear and driving in a careless manner. The Spruell car ran into the rear of the Folse car where Mrs. Folse was driving on a right hand turn-out seeking to get on Acadian Throughway from North Boulevard. The turn-out was not governed by any traffic signals but there were traffic controls at the intersection on North Acadian Throughway and North Boulevard.
The Trial Judge with written reasons rendered judgment in favor of plaintiff, Mrs. Edna L. Folse and against the defendants in solido in the amount of $1500.00 with legal interest from date of judicial demand until paid and in favor of Edna L. *910 Folse, Edgar Leon Folse Jr. and Norman J. Folse in the amount of $255.00 in the proportion of an undivided one-half interest to Edna L. Folse, surviving spouse of the late Edgar L. Folse, and an undivided one-half interest to Edgar Leon Folse Jr. and Norman J. Folse, surviving sons and sole heirs of their deceased father, said sum being subject to the usufruct of their mother, Edna L. Folse, plus legal interest from date of judicial demand until paid and costs.
From this judgment the defendants have brought this appeal.
The facts are not disputed and the issue in this case is the interpretation placed on these facts. Defendants set forth two specifications of error, first, that the Lower Court erred in finding negligence on the part of Shelby Spruell and in failing to find negligence on the part of Edna L. Folse; second, the Court erred in imposing damages in the amount of $1500.00 for a minor injury with no objective symptoms.
The finding of fact set forth by the Trial Judge is in accord with the evidence and sets forth the detail of the accident:
“Both cars were proceeding west on North Boulevard at the intersection with Acadian Thoughway, and the drivers of both cars were intending to turn north on Acadian Throughway. At this intersection traffic turning north from North Boulevard onto Acadian Throughway was required to use a right turn traffic lane. This traffic lane was defined by a triangular concrete island. This island was probably 15 feet long on the south and 25 feet long on the west side of the island and the curving side of the triangle was 30 or 35 feet long, the island coming to a point on the north end. There is a red and green traffic light at the intersection of these two streets but the traffic proceeding west on North Boulevard and intending to turn north on Acadian Throughway is not controlled by this traffic light. Traffic turning north at this intersection onto Acadian Throughway proceeds north independent of the traffic lights. However, this northbound traffic must necessarily wait for traffic to clear before emerging out of this slot onto North Acadian Throughway. North Acadian Throughway is one of the main traffic arteries of the City and of course is heavily traveled. Traffic turning north at this point may wait 15 seconds or 5 minutes to get out of this slot, or traffic lane, into the artery of traffic on North Acadian Throughway.
The pencil notes of the Trial Judge disclose that plaintiff, Mrs. Folse, testified that she stopped her car once while in this right turn traffic lane. She also testified one place the traffic light was red and another place it was green and finally that she didn’t remember what color it was. Defendant testified Mrs. Folse stopped twice in this traffic lane and the second time she stopped is when he struck her from the rear. The defendant also testified that the collision happened right near a storm cover which the Court observed to be right or near the point where the right turn lane exits onto Acadian Throughway. Defendant testified plaintiff stopped once, pulled her car about two lengths forward and stopped the second time and that both cars were going very slowly.
As stated above traffic emerging from this right turn traffic lane onto Acadian Throughway is not controlled by the traffic light. The traffic light controls traffic going west on North Boulevard intending to proceed across the intersection and continue west. The right turn traffic lane is just what it pretends to be, a lane for traffic to enter intending to turn north and wait for an opportunity to get out onto Aca-dian Throughway. The car might stop once or twice or six times before having an opportunity to exit onto Aca-dian Throughway. As the lead car moves forward the following cars, if any, *911 likewise should move forward and exit onto Acadian Throughway. In the Court’s opinion plaintiff did in fact stop twice, or possibly even three or four times, watching for a chance to get out into the line of traffic proceeding north on Acadian Throughway, but this is immaterial and is what she should have done until it was safe for her to leave the right turn traffic lane. It is also immaterial whether the traffic light was green, red, or yellow as plaintiff approached it because as stated above traffic turning north from the Boulevard onto Acadian is not regulated by this traffic light.”
There is no question but what Mrs. Folse was driving carefully, making the turn in the turn-off of the right hand traffic lane and was watching approaching traffic on the Acadian Throughway, which is a heavily traveled street in Baton Rouge. She stopped once and then proceeded forward and the defendant, Spruell, likewise stopped when she stopped and when she moved forward he did likewise. However, when Mrs. Folse got partly into the Aca-dian Throughway she stopped and look again to be sure that there was no approaching traffic from her left. Spruell, likewise, was looking to the left but had taken his eyes off the Folse car and as a result did not see Mrs. Folse stop again. He was not exercising the care imposed upon him by law. He was doing what he thought was right, carefully looking to the left to see if there was any approaching traffic and assuming and relying on Mrs. Folse proceeding on into the Acadian Throughway. In the meantime, Mrs. Folse, being extra careful, looked once more before she entered the Throughway and stopped her car and the accident resulted. We do not see any negligence on the part of Mrs. Folse in making this second stop, and further find that Spruell was wrong and negligent in following her too closely and not keeping his eyes on her rather than to the left until he was sure that Mrs. Folse had entered the Acadian Throughway and was proceeding north thereon before checking again for approaching traffic from his left.
The only other question is the question of quantum, the amount of damages awarded to Mrs. Folse. Defendant contends that the award is too high and should be reduced to $500.00 or $1000.00. Plaintiff in his Brief seeks an increase in the award but there is no answer to the appeal in the record, nor is any appeal taken by the plaintiff herein. We cannot consider the question of an increase unless an appeal is taken by the appellee, or an answer to the original appeal filed seeking the relief that she desires.
The facts show that Mrs. Folse was not hospitalized. She returned home after the accident and began to suffer pain and went the next day to Dr. Alvin H. Stander, a well recognized orthopedic surgeon in Baton Rouge. Dr. Stander diagnosed her condition as a mild cervical and mild lumbo sacral strain. Mrs. Folse complained of pain for some time and was forced to hire a maid as she was unable to do her housework and had to wear a full length corset to support her back and which gave her relief from the pain. For more than a year after the accident Mrs. Folse could not work an eight hour day, or even a four hour day in a local department store, being compelled to seek employment because of the death of her husband. Dr. Stander did state that the case was somewhat unusual in its duration but that he believed the complaints of plaintiff to be genuine.
Mrs. Folse was examined by Dr. Louis Mayer at the request of the defendant insurance company and his report was filed in the record in lieu of his testimony. Dr. Mayer saw Mrs. Folse one time only, on April 5, 1965 for a period of approximately thirty minutes. His report shows that he found Mrs. Folse to be nervous but he did not find any residuals resulting from *912 the accident as of the date of the examination.
For these reasons we fail to find any manifest error or abuse in the discretion of the Trial Judge and accordingly the judgment of the Lower Court is affirmed, at appellant’s costs.
Affirmed.