NEVADA LAND AND MORTGAGE COMPANY, A NEVADA CORPORATION, APPELLANT, *v.* HIDDEN WELLS RANCH, INC., A NEVADA CORPORATION, RESPONDENT.

No. 5318

December 13, 1967                    435 P.2d 198

[Rehearing denied January 10, 1968]

*Foley Brothers,* of Las Vegas, for Appellant.

*Wiener, Goldwater & Galatz,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

This is an appeal taken by the appellant from an order granting summary judgment. Appellant (defendant below) assigns as error the trial court's refusal to properly apply NRS 40.430, its misinterpretation and misapplication of the ruling in McMillan v. United Mortgage Company, 82 Nev. 117, 412 P.2d 604 (1966), and its failure to recognize the essential difference in consequence between a sale under a deed of trust and a sale upon judicial foreclosure.

In January 1964 the appellant and the respondent (plaintiff below) entered into an agreement whereby the appellant promised to purchase from the respondent certain real property located in Clark County, Nevada.

As part of the total purchase price of $400,000, the appellant assumed an obligation of $193,500 secured by a first deed of trust on the property. The balance of $206,500 was evidenced by an installment promissory note from the appellant to the respondent, secured by a second deed of trust on the subject property.

The appellant defaulted and the respondent caused the real property to be sold pursuant to ch. 107, NRS, and the specific provisions of the second deed of trust. At the trustee's sale the respondent purchased the property, subject to the first deed of trust, for the sum of $50,000. The respondent then commenced this action in the trial court to recover a deficiency judgment. The appellant moved to dismiss and the trial court denied the motion. The appellant's motion for summary judgment was also denied. The respondent moved for summary judgment, which was granted. Judgment was entered in the respondent's favor and against the appellant for $226,655.75.

The appellant denominates NRS 40.430[1] as the "one-action rule," and argues, upon the theory of an election of remedies, that the statute limits the recovery of a deficiency judgment to a judicial foreclosure and denies the right of an action for a deficiency if the beneficiary of a deed of trust proceeds to foreclose by a trustee sale under NRS ch. 107. The doctrine of election of remedies has application only to inconsistent remedies. See Barringer v. Ray, 72 Nev. 172, 298 P.2d 933 (1956); McColl v. Scherer, 73 Nev. 226, 315 P.2d 807 (1957).

The judicial foreclosure pursuant to NRS 40.430, and the

---

[1] NRS 40.430. *"Recovery of debt or enforcement of right secured by mortgage; foreclosure suit proceedings.*

"There shall be but one action for the recovery of any debt, or for the enforcement of any right secured by mortgage or lien upon real estate, or personal property, which action shall be in accordance with the provisions of this section, and NRS 40.440 and 40.450. In such action, the judgment shall be rendered for the amount found due the plaintiff, and the court shall have power, by its decree or judgment, to direct a sale of the encumbered property, or such part thereof as shall be necessary, and apply the proceeds of the sale to the payment of the costs and expenses of the sale, the costs of the suit, and the amount due to the plaintiff. If the land mortgaged consists of a single parcel, or two or more contiguous parcels, situated in two or more counties, the court may, in its judgment, direct the whole thereof to be sold in one of such counties by the sheriff, and upon such proceedings, and with like effect, as if the whole of the property were situated in that county. If it shall appear from the sheriff's return that there is a deficiency of such proceeds and balance still due to the plaintiff, the judgment shall then be docketed for such balance against the defendant or defendants personally liable for the debts, and shall, from the time of such docketing, be a lien upon the real estate of the judgment debtor, and an execution may thereupon be issued by the clerk of the court, in like manner and form as upon other judgments, to collect such balance or deficiency from the property of the judgment debtor."

foreclosure procedure under NRS ch. 107, are not inconsistent remedies.

McMillan v. United Mortgage Company, supra, points out that, although the remedies of a trustee's sale and a deficiency judgment cannot be pursued simultaneously, they are not inconsistent, and a party can bring an action on the note for a deficiency judgment *after* the trustee sale.

In many jurisdictions a mortgage foreclosure must first be commenced by a suit in the equity division of the courts, then, after foreclosure and sale, an action for a deficiency may be commenced in the law division.

NRS 40.430 combines the procedure into one action. It is not a restrictive or preclusive statute, but a vehicle for efficient litigation and the prevention of a multiplicity of suits.

This court in McMillan v. United Mortgage Company, supra, has held that deeds of trust fall within the meaning of NRS 40.430. Where a default has occurred, a beneficiary, under a deed of trust, can select the judicial process for foreclosure pursuant to NRS 40.430, or the procedure under NRS ch. 107, of foreclosure by a trustee's sale and then bring an action on the promissory note for any deficiency which may occur.

In the case of McMillan v. United Mortgage Company, supra, this court citing Sims v. Grubb, 75 Nev. 173, 336 P.2d 759 (1959), said: "Once the security has been sold and the debt not satisfied, an action on the note with ancillary attachment is permissible." Also see Finley v. Friedman, 159 A.2d 668 (D.C. 1960); Tarrant Savings Association v. Lucky Homes, Inc., 390 S.W.2d 473 (Tex. 1965).

There is no contention, in this case, that the foreclosure was not made strictly in accordance with the trustee's power of sale as provided for in the second deed of trust and in the applicable law. There is no charge of fraud. Nothing is alleged which would render the trustee's sale void at law.

Nevertheless, the appellant contends that it is entitled to a credit against the effect of the summary judgment in an amount equal to the fair market value of the security as established by judicial supervision, rather than the price bid by the creditor at the trustee sale.

In the proper case, the trial court may set aside a trustee's sale upon the grounds of fraud or unfairness. See Woolley v. Tougas, 1 A.2d 92 (R.I. 1938); Handy v. Rogers, 351 P.2d

819 (Colo. 1960). However, the procedure followed, in this case, to ascertain the value of the security, not only falls within the standard set in McMillan v. United Mortgage Company, supra, where this court held that the mode for determining the value of the security is to exhaust the security by sale pursuant to the terms of the deed of trust, but is in accordance with the provisions of section 10(c)[2] of the deed of trust recorded in book 578 of Official Records as document No. 465016 in the office of the County Recorder of Clark County, Nevada, which provisions were adopted and incorporated and made a part of the second deed of trust.

We find that this case fits within the holdings of McMillan v. United Mortgage Company, supra, and that the holdings in that case were correctly interpreted and applied to this case by the trial court.

We further find that the trial court fully recognized the differences between a foreclosure sale under a deed of trust pursuant to NRS ch. 107 and a foreclosure sale under NRS 40.430, found those procedures to be mutually exclusive and properly interpreted and applied the law as found.

The record reveals that the answer to the complaint and the answer to the amended supplemental complaint admit the promissory note secured by the second deed of trust.

An affidavit by Ike P. LaRue, Jr., setting forth the amounts due from appellant to respondent was filed on behalf of the respondent. No opposing affidavit being filed, the trial judge found the affidavit to be conclusive.

It was held, in the case of Tarrant Savings Association v. Lucky Homes, Inc., supra, that the holder of a note secured by a trust deed maintained its burden to establish its case for a deficiency judgment by introducing its note from the trust deed grantors and that the burden shifted to the trust deed grantors to show some reason for denying recovery to the holder of the note.

In the case of Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979, this court, citing Sartor v. Arkansas Gas Corp.,

---

[2] 10(c). "At the time of sale so fixed, trustee may sell the property so advertised or any part thereof, either as a whole or in separate parcels at its sole discretion, at public auction, to the highest bidder for cash in lawful money of the United States, payable at the time of sale, and shall deliver to such purchaser a deed conveying the property so sold, but without covenant or warranty, express or implied, Grantor hereby agrees to surrender, immediately and without demand, possession of said property to such purchaser."

321 U.S. 620, said: "Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try."

In the present case no material issues of fact remained to be tried. Summary judgment was properly rendered in favor of the respondent.

The appellant, as trustor of the second deed of trust, could have protected its position, by having inserted in the deed of trust instrument, a clause barring an action on the note for a deficiency judgment after a trustee's sale of the security. ·

The order and judgment denying the appellant's motion for summary judgment and granting the respondent's motion for summary judgment are hereby affirmed with costs.

THOMPSON, C. J., COLLINS, J., ZENOFF, J., and MOWBRAY, J., concur.