20122

Bernard TOLK and Reliable Quilting Company, Inc., Respondents, v. Milton WEINSTEN et al., Appellants.

(220 S. E. (2d) 239)

*Messrs. Walker & McKellar,* of Ridgeland, and *Steinberg, Levkoff, Spitz & Goldberg,* of Charleston, *for Appellants,* cite:

*Messrs. Harvey, Battey, Macloskie & Bethea,* of Beaufort, *for Respondents,* cite:

December 4, 1975.

GREGORY, Justice:

The respondents instituted this action to recover certain textile machinery. This appeal is from an order denying appellants an extension of time in which to answer and finding the machinery to be the property of respondents. We reverse.

The question at issue concerns the effect of restraining orders issued by a bankruptcy court in New York in a state action instituted by respondents to recover the machinery.

The record reveals that respondents delivered certain textile machinery to appellants on or about June, 1969. Respondents commenced this action by service of a Summons and Complaint May 18, 1971—a few days before appellants, Carolina Quilting, Inc. and Milton Weinsten, filed for an arrangement under Chapter 11 of the Federal Bankruptcy Act in United States District Court for the Southern District of New York (May 27, 1971). On May 27, 1971 the Referee in Bankruptcy issued a restraining order, in the matter of Carolina Quilting Industries, Inc., restraining creditors from proceeding with actions against the debtor, which order was served on respondents the same day. On June 9, 1971 a restraining order was issued by the United States District Court for the Southern District of New York in the matter of Milton Weinsten, another appellant, restraining *all persons,* firms and corporations from proceeding with any actions affecting any property *in possession* or owned by said debtor or in possession of any agent of the debtor.

Appellants served no responsive pleadings in the court below contending that the restraining orders prevented them from participating in the state action. At the hearing on October 13, 1971 upon the motion of the respondents to be put in possession of the equipment, appellants' attorney asked

for an extension of time in which to answer, informing the court that he had been retained as counsel only the day preceding the hearing. He presented the aforementioned restraining orders to the court and stated that his defense, if plead, would be that title to the machinery had passed from respondents to appellants. Without allowing appellants an opportunity to answer, the court ordered the appellants to deliver possession of the equipment to respondents and to post bond for double the value of the equipment if they retained possession thereof pending appeal. The court based its order upon the following findings, without further elaboration as to the bases of such findings:

"I further find that while the United States District Court for the Southern District of New York has restrained further action as to property of the Defendants, (Respondents) who have filed a Petition on Bankruptcy, that the property which is the subject to this action is not the property of Plaintiffs and, therefore, such injunction is not applicable; also, the Defendant (Respondent) corporation, Carolina Quilting Industries, Inc., which is in possession of the machinery is a South Carolina corporation and, therefore, the United States District Court for the Southern District of New York would not have jurisdiction."

There are two occasions when we may vacate the judgment of the lower court: (1) when the judge was controlled by some error of law or (2) where, the order, based upon factual, as distinguished from legal, conclusions is without evidentiary support. *Edwards v. Ferguson,* 254 S. C. 278, 175 S. E. (2d) 224 (1970). After a careful review of the record, we are unable to find any evidentiary support for the finding that respondents were entitled to possession of the textile equipment. Without this finding of possession on behalf of respondents, the rationale advanced by the lower court as to the applicability of the injunction fails. The order also ignored the clear language of the order, enjoining all persons from proceeding with any actions affecting property owned by *or in possession* of the debtor.

The lower court erred in its belief that the United States District Court for New York did not have jurisdiction over appellant, a South Carolina corporation. On a filing of a petition in bankruptcy, custody of the bankruptcy court attaches over all the property in the bankrupt's actual possession. *In re Lustron Corp.*, 184 F. (2d) 789 (C. A. Ill. 1950), cert. denied, 340 U. S. 946, 71 S. Ct. 531, 95 L. Ed. 682. Section 311 of the Bankruptcy Act (11 U. S. C. A. § 711) provides that the bankruptcy court has exclusive jurisdiction of the debtor and his property *wherever* located. In the case at hand there is little doubt that the District Court's jurisdiction extended to the machinery involved here which was in the possession of Petitioners in Bankruptcy (and had been since 1969), especially in view of the fact that Respondent Tolk, sole stockholder and owner of respondent corporation and one-third stockholder and owner of appellant corporation, initiated the state action to recover the machinery from appellant corporation only a few days before the petitions in bankruptcy were filed in New York.

While it is uncertain whether the lower court was "controlled" in its findings by its misapprehension that the United States District Court in New York did not have jurisdiction over appellant, a South Carolina corporation, we think the order reveals that it did.

It was revealed on oral argument that the bankruptcy proceedings have concluded, pending the outcome of this action. A new corporate defendant has bought all the assets of appellant corporation subject to final determination of this suit. Appellants are now free to participate in a trial on the merits.

The judgment is accordingly reversed and the cause remanded for entry of an order granting appellants the right to further plead.

Lewis, C. J., and Littlejohn, Ness and Rhodes, JJ., concur.