MICHAEL L. POTTER AND MICHELE J. POTTER, APPELLANTS, v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY, RESPONDENT.

No. 8400

March 9, 1977 560 P.2d 914

*Brown & Deaner*, Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy, Jemison & Reid, Chartered* and *J. Bruce Alverson*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Doctor's Adjustment Bureau, Inc. brought an action against Michael and Michele Potter on a $790 bill owed by the Potters to Desert Springs Hospital. The Potters filed a third party complaint against Mutual Benefit Life Insurance Company.

The district court granted Mutual Benefit's motion for summary judgment which had alleged that the policy of insurance was the product of the Potters having made false or fraudulent

statements or representations regarding the physical condition and history of Michele Potter. Here, the Potters contend summary judgment should not have been granted. We agree.

On July 10, 1973, a representative of Mutual Benefit asked Mr. Potter questions in regard to an application for insurance. This conversation occurred, without Mrs. Potter, at Mr. Potter's place of business. Mr. Potter would answer the questions and the agent would fill in the answers on the application. Question number 3 stated: "Have you (or your eligible dependents) consulted or been treated by a physician, surgeon or other practitioner in the last five years?" Mr. Potter answered "yes" explaining that his wife had had a normal child delivery nine months earlier. This was noted on the back of the form along with her doctor's name. Question number 4 asked: "Do you (or your eligible dependents) contemplate having, or have you (or your eligible dependents) had in the past five years, any surgery, treatment, observation or routine examination in any clinic, hospital, sanitarium or health resort?" Mr. Potter answered "no."

The policy was effective on August 1, 1973, and Mrs. Potter was hospitalized in December of 1973, with acute gastroenteritis. One year later Mutual Benefit refused to pay the hospital bill and cancelled coverage stating that misrepresentations had been made on questions 3 and 4 of the application, i.e., that Mrs. Potter had been treated in May of 1973 for a yeast infection of the vagina and for cystitis.

Whether the Potters had knowledge of this treatment is questionable. Mr. Potter stated, in his affidavit in opposition to the motion for summary judgment, that he had no knowledge of his wife's treatment for cystitis, and no intention of misleading the insurance company. Mrs. Potter did not know she was being treated for cystitis and could not remember if she had even mentioned the doctor's appointment to her husband.

A Mutual Benefit's underwriter stated in affidavit: "That in accordance with the underwriting standards followed by the Mutual Benefit Life Insurance Company, the existence of cystitis requires a one year recovery period before a major medical coverage can be made by this company."[1]

"Rule 56 [NRCP 56] authorizes summary judgment only where the moving party is entitled to judgment as a matter of

---

[1] The record does not disclose that the Potters were apprised of this—or any other—"underwriting standard."

law, where it is quite clear what the truth is, that no genuine issue remains for trial. . . ." Nevada Land & Mtge. v. Hidden Wells, 83 Nev. 501, 506, 435 P.2d 198, 201 (1967). In deciding the propriety of a summary judgment all evidence favorable to the party against whom such judgment was rendered will be accepted as true. Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963).

Looking at the evidence most favorable to the Potters, this record clearly demonstrates that they did not make reckless or fraudulent statements of such magnitude which, as a matter of law, would relieve Mutual Benefit of liability. That is a disputed fact to be determined; therefore, summary judgment was erroneous. The district court's order is reversed and this case is remanded for trial on the merits.