JAMES IRVING BOWYER, D/B/A GENERAL REFRIGERATION SERVICE, APPELLANT, *v.* JOEL DAVIDSON, VICTOR SCHILLER, AND R. D. HARGRAVE, RESPONDENTS.

No. 9269

November 15, 1978

584 P.2d 686

*Vargas, Bartlett & Dixon,* Las Vegas, for Appellant.

*Galatz, Earl & Biggar,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant contends the district court erroneously granted summary judgment in favor of respondents since issues remained as to the existence of a contract between the parties and as to whether respondents were unjustly enriched. Accordingly, he asks that the judgment be vacated. We think the summary judgment was properly entered and affirm.

In 1970, G.H.N. Building Corporation, then a licensed general contractor, contracted with the joint venture of respondents for construction of the H.S.D. Ltd. Medical Center in Las Vegas. G.H.N. subsequently entered a subcontract with appellant for the air conditioning and sheet metal work.

On January 31, 1971, appellant, at G.H.N.'s request, submitted a proposed rebid to reflect certain modifications G.H.N. had made in the plans and specifications. Respondent Hargrave reviewed the rebid and signed his name to it. Appellant was advised by Hargrave and the construction superintendent of G.H.N. that the rebid was accepted and that he should continue work on the project.

Sometime later, G.H.N. hired a new construction superintendent who offered appellant $1,000.00 for a release of all claims arising out of labor and materials theretofore supplied. Although appellant refused the offer, G.H.N. nevertheless resolicited bids and hired another subcontractor to complete the work.

Bowyer filed suit against G.H.N. and the respondent owners in June, 1971, seeking $3,144.60 for labor and materials. On July 28, 1976, the district court entered summary judgment in favor of respondents and dismissed the complaint as to them, with prejudice. On November 16, 1976, appellant was awarded judgment against G.H.N. for $3,484.25 but, as G.H.N. is no

longer doing business, the judgment remains unsatisfied. Claiming the district court improperly granted respondents summary judgment, Bowyer appeals.[1]

In determining the propriety of the summary judgment all evidence favorable to appellant who lost on the motion must be accepted as true. Potter v. Mutual Benefit Life Ins. Co., 93 Nev. 90, 560 P.2d 914 (1977); Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970).

Appellant contends respondent Hargrave's signature on the rebid proposal raises a factual issue as to the existence of a contract. We do not agree. Appellant's contract was with G.H.N. The rebid was requested by G.H.N., and it was to G.H.N. that the proposal was addressed. Without more, Hargrave's signature is insufficient to raise an issue of contractual intention. Smith v. Recrion Corp., 91 Nev. 666, 541 P.2d 663 (1975); Air Conditioning Engineers v. O'Neal Electric Co., 212 F.2d 915 (5th Cir. 1954). At no time did respondents ever promise to pay appellant, nor did the parties ever contemplate that the owners would assume liability to the subcontractors in the event of G.H.N.'s default. Cf. Bond v. Stardust, Inc., 82 Nev. 47, 410 P.2d 472 (1966).

Nor is there a genuine issue that respondents were unjustly enriched at appellant's expense. Zalk-Josephs v. Wells Cargo, 77 Nev. 441, 366 P.2d 339 (1961); see also, Annot., 62 A.L.R.3d § 2, 294. Respondents paid G.H.N. substantially all the amount due on the prime contract.[2] Cf. Paschall's Inc. v. Dozier, 407 S.W.2d 150 (Tenn. 1966). Moreover, appellant could have protected himself by the exercise of his lien rights against the property. NRS 108.222. Under these circumstances, the enrichment, if any, resulting to respondents from appellant's labor and materials is not unjust.

The district court correctly ruled as a matter of law that appellant is not entitled to recover from these respondents.[3]

---

[1]Since the summary judgment entered July 28, 1976, did not contain the certification provided by NRCP 54(b), it was interlocutory in nature and not immediately appealable. Appeal following the final judgment of November 16, 1976, was therefore proper. Aldabe v. Evans, 83 Nev. 135, 425 P.2d 598 (1967); Donoghue v. Rosepiler, 83 Nev. 251, 427 P.2d 956 (1967).

[2]Of the total $128,000.00 contract price, respondents withheld $2,700.00 for work allegedly improperly and poorly done.

[3]The Governor designated Michael E. Fondi, Judge of the First Judicial District, to sit in the place of the Honorable E. M. Gunderson, Justice, who was disqualified. Nev. Const. art. 6, § 4.