BADER ENTERPRISES, INC., a Delaware Corporation, Appellant, *v.* ERNEST A. BECKER, Doing Business Under the Firm Name and Style of CHARLESTON HEIGHTS SHOPPING CENTER, a Limited Partnership of Nevada, Respondent.

No. 10213

November 30, 1979                                        603 P.2d 268

---

*Stanley W. Pierce,* Las Vegas, for Appellant.

*Smith & O'Brien,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant, Bader Enterprises, Inc. (Bader), filed an unverified complaint on December 19, 1975. In its complaint Bader alleged that on June 12, 1972, respondent, Ernest A. Becker (Becker) converted certain property belonging to Bader. Additionally Bader alleged that the property was involved in a bankruptcy of a third person. Becker answered the complaint and on July 15, 1977 made a motion for summary judgment. As the basis for the motion, Becker contended that the statute of limitations for a claim in conversion, NRS 11.190(3)(c), had run. Thus, Becker argued that Bader's claim for relief was barred.

Bader argued that at the time of the alleged conversion the property at issue was within the exclusive jurisdiction of the Federal Bankruptcy Court. It was also asserted that 11 U.S.C. §§ 29(f)[1] and 791[2] controlled, and that these federal statutes suspend any state statute of limitations "affecting the debts of a bankrupt."[3] Upon the facts presented, the trial court found that there was no genuine issue of material fact and granted Becker's motion for summary judgment. We do not agree.

Summary judgment is appropriate only when the truth is quite clear, and no genuine issue of fact remains. Lipshie v. Tracy Investment Co., 93 Nev. 370, 566 P.2d 819 (1977); Perry v. Byrd, 87 Nev. 431, 488 P.2d 550 (1971); Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963). While at first blush it appears that the 3-year statute of limitations precludes the appellant's claim, upon a more in-depth analysis it becomes evident that there are material issues of fact which are still at issue.

The essential question on appeal is whether the bankruptcy proceedings suspended the state statute of limitations. According to the bankruptcy statutes, any non-exempt property within

---

[1]§ 29. Suits by and against bankrupts.

. . . .

(f) The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this title, shall be suspended during the period from the date of the filing of the petition in bankruptcy (1) until the expiration of thirty days after the date of the entry of an order denying his discharge; or (2) if he has waived or lost his right to a discharge, then until the expiration of thirty days after the filing of such waiver or loss of such right or, in the case of a corporation, if no application for a discharge is filed within the period of six months after the adjudication, then until the expiration of thirty days after the end of such period; or (3) until thirty days after the dismissal of the bankruptcy proceedings, whichever may first occur.

[2]§ 791. Suspension of statutes of limitation, etc.

All statutes of limitation affecting claims provable under this chapter and the running of all periods of time prescribed by this title in respect to the commission of acts of bankruptcy, the recovery of preferences and the avoidance of liens and transfers shall be suspended while a proceeding under this chapter is pending and until it is finally dismissed.

[3]The Federal Bankruptcy Law has been substantially repealed by P.L. 95-598, Bankruptcy Reform Act of 1978 (effective October 1, 1979). All references in this opinion are made to the federal statutes prior to the effective date of the 1978 Reform Act.

the bankrupt's possession comes within the exclusive jurisdiction of the bankruptcy court. 11 U.S.C. §§ 110[4] and 711[5]. *See* Thompson v. Magnolia Co., 309 U.S. 478 (1940); Guardian Mortgage Investors v. Unofficial Noteholders-Debentureholders Creditors Committee, 607 F.2d 1020 (2d Cir. 1979); Tolk v. Weinsten, 220 S.E.2d 239 (S.C. 1975); *see generally* 8 Collier, Bankruptcy ¶ 3.01 (14 ed. 1978).

The United States Supreme Court has stated that the purpose of the bankruptcy law is to place the property of the bankrupt, wherever found, under the control of the court, for equal distribution among the creditors. Straton v. New, 283 U.S. 318 (1931). In order to accomplish this purpose, that Court has reasoned that once a petition in bankruptcy is filed, the federal courts acquire the exclusive right to administer all property in the bankrupt's possession. Straton v. New, *supra;* Lazarus v. Prentice, 234 U.S. 263 (1914); Hebert v. Crawford, 228 U.S. 204 (1913); U.S. Fidelity Co. v. Bray, 225 U.S. 205 (1912); Murphy v. John Hofman Co., 211 U.S. 562 (1909); White v. Schloerb, 178 U.S. 542 (1900).

In 1938 the applicable sections, 11 U.S.C. §§ 29(f) and 791, were added to preserve the property of the bankrupt until the various and relative values and rights of all parties concerned could be determined and passed upon by the bankruptcy court. Martin v. Goggin, 238 P.2d 84 (Cal.App. 1951). Other courts have held that these federal statutes suspend all statutes of limitations without exception. *See* Booloodian v. Ohanesian, 91 Cal.Rptr. 923 (Cal.App. 1970); Wells v. California Tomato Juice, 118 P.2d 916 (Cal.App. 1941).

In the *instant* case appellant and respondent are creditors of the bankrupt, Brathendale Soup Kettle. Brathendale leased unimproved real property from Becker on December 15, 1969. Pursuant to the terms of the lease, Brathendale constructed a building on the real property. The lease provided that Brathendale was to retain all title to any improvements upon the real property and that it could remove the improvements prior to the expiration of the lease.

---

[4]§ 110. Title to property.

(a) The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, . . .

[5]§ 711. Exclusive jurisdiction of debtor and property.

Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located.

On January 25, 1971, Bader entered into an equipment lease with Brathendale. As security for this lease, Brathendale assigned all its right, title and interest in and to the improvements located upor the real property.

Brathendale filed a petition for arrangement under Chapter XI of the Bankruptcy Act on January 24, 1972. The bankruptcy court terminated Becker's real property lease on June 7, 1972. From the record it does not appear that the bankruptcy court released possession of the building or the equipment lease at that time. Bader alleges that Becker converted the building and equipment on July 12, 1972, shortly after the real property lease was terminated. The bankruptcy court entered an order abandoning the building and equipment on January 10, 1974.

It appears to this court that a question of fact remains. The record before this court does not contain a finding as to who had possession of the building or the equipment at the time of Brathendale's filing of its petition in bankruptcy. If Brathendale indeed had possession at the time of the filing of the petition, the statute of limitations was suspended by 11 U.S.C. §§ 29(f) and 791. *See* Booloodian v. Ohanesian, *supra*.

Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.