SUSAN E. NEHLS, Appellant, *v.* CLAIRE V. LEONARD, Respondent.

No. 11593

June 25, 1981                                    630 P.2d 258

*Edwin S. Pomeranz,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison,* and *J. Mitchell Cobeaga,* Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, C. J.:

This appeal is in a negligence action arising out of a rear-end automobile collision. Appellant, Susan E. Nehls, was the plaintiff below. Respondent, Claire V. Leonard, was one of the defendants. On appeal, the issue is whether the district court erred in granting summary judgment to respondent Leonard. In our view, it did.

### The Record

The case involves a rear-end automobile collision near the intersection of Desert Inn and Paradise Roads in Las Vegas.

Appellant Nehls was riding in an automoblie driven by co-defendant Launius and owned by co-defendant Duke.[1] In Duke's Volkswagen, Ms. Nehls and Ms. Launius were proceeding west on Desert Inn Road behind a Cadillac owned and operated by respondent Leonard. Paradise Road, which runs north-south, intersects Desert Inn Road, which runs east-west. At the intersection, there is an electric traffic light and a right-turn lane for automobiles turning north onto Paradise Road. The right-turn lane, which is separated from the intersection by a triangular concrete island, is not controlled by the traffic light. The turn lane enters into a separate new lane on Paradise Road, so that traffic using it need not yield to other northbound traffic on Paradise Road.

As the two cars proceeded, respondent Leonard apparently stopped her car just after entering the right-turn lane. Ms. Launius stopped the Volkswagen behind her. Then, Ms. Leonard continued out into the separate northbound lane of Paradise Road, where she suddenly stopped once again. The record indicates that Ms. Launius, having proceeded after the first stop, failed to stop her vehicle before it collided with Ms. Leonard's Cadillac.[2] The collision caused Nehls to suffer injuries when her head struck the windshield, and her knee and arm smashed into the Volkswagen's dashboard.

Respondent Leonard's motion for summary judgment contended that no genuine issue existed as to any material fact because: (1) respondent was not negligent in stopping the second time, and (2) even if respondent was negligent, the accident's sole cause was the negligence of Ms. Launius. In opposition, appellant Nehls contended that genuine factual issues existed, both as to Leonard's negligence and as to whether such negligence constituted a proximate cause of Nehls' injuries.

---

[1]Launius and Duke were dismissed from the instant action by the district court and are not parties to this appeal.

[2]The following descriptions of the collision exist in the record:

(1) Ms. Launius stated in her deposition: "I was proceeding to make a right-hand turn. I put my car into first gear. Susie [plaintiff Nehls] yelled, 'Look out,' I went for my brake, and my foot slipped off my clutch, and my car popped, and I hit the rear end of the Cadillac."

(2) Ms. Launius also said, in her response to respondent Leonard's Interrogatory No. 40: "The driver in front of me stopped suddenly and unexpectiedly [sic] when she had a clear line of travel."

(3) In her deposition, appellant Nehls testified to the following: "The car was right where you were going out. There is a lane to continue going, and the car was in that lane, and we were making a turn, and the car just stopped." Appellant Nehls went on to say: "I said, 'Kathy, the car stopped.' She went to put her brakes on, and the clutch popped or something like that. She couldn't do it fast enough, and that's when we hit the car."

*The Legal Issues*

A court should exercise great care in granting summary judgment. Short v. Hotel Riviera, Inc., 79 Nev. 94, 103, 378 P.2d 979 (1963); McColl v. Scherer, 73 Nev. 226, 231–232, 315 P.2d 807 (1957). NRCP 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, and no genuine issue remains for trial. *See Short,* cited above; Bader Enterprises, Inc. v. Becker, 95 Nev. 807, 809, 603 P.2d 268 (1979); Lipshie v. Tracy Investment Co., 93 Nev. 370, 375, 566 P.2d 819 (1977); Nevada Land & Mtge. v. Hidden Wells, 83 Nev. 501, 506, 435 P.2d 198 (1967). A litigant has a right to trial where there is the slightest doubt as to the facts. *Short,* cited above. In evaluating the propriety of a summary judgment, all evidence favorable to the party against whom summary judgment was rendered will be accepted as true. *Short,* cited above; Bowyer v. Davidson, 94 Nev. 718, 720, 584 P.2d 686 (1978); Potter v. Mutual Benefit Life Ins. Co., 93 Nev. 90, 92, 560 P.2d 914 (1977).

In Nevada, issues of negligence and proximate cause are considered issues of fact and not of law, and thus they are for the jury to resolve. Merluzzi v. Larson, 96 Nev. 409, 610 P.2d 739 (1980); Drummond v. Mid-West Growers, 91 Nev. 698, 704, 542 P.2d 198 (1975). Accepting all evidence favorable to the appellant, it appears factual issues exist as to whether respondent was negligent in stopping as she did, and as to whether such action proximately caused appellant's injury. At a trial, the evidence may persuade the jury that respondent Leonard stopped suddenly and without adequate warning, that the stop unnecessarily exposed appellant to unreasonable risk, and that the stop constituted a substantial factor in causing the collision in which appellant sustained injuries.

We note that the instant case is readily distinguishable from Massingille v. Meridith, 408 S.W.2d 209 (Ky.App. 1966), upon which respondent heavily relies. There, no merger lane existed, and, in such circumstances, it is arguable that repeated stops are always reasonable and must be foreseen.[3] Here, however, as the court stated in Montgomery v. Morgenson, 515 P.2d 746, 748 (Kan. 1973):

---

[3]Respondent has also cited Rhoades v. DeRosier, 546 P.2d 930 (Wash.App.); however, in such case, the Washington court explicitly noted that whether the preceding car acted in an unusual or unexpected way is a question of fact for the jury.

> The fact there was a rear end collision does not make the [driver of the second automobile] guilty of negligence as a matter of law. Whether the [second driver] was negligent is a question to be determined by the jury from all the evidence. It is only when different minds can reasonably arrive at but one result that a fact issue becomes a question of law, justifying a district court in taking the issue from the jury.

In any case, it should be remembered that, as a passenger, Ms. Nehls is not as a matter of law responsible for negligence on the part of Ms. Launius, even if such negligence contributed to the accident. *See* Otterbeck v. Lamb, 85 Nev. 456, 456 P.2d 855 (1969).

The trial court erred in granting summary judgment in this matter.

Reversed and remanded.

BATJER, SPRINGER, and MOWBRAY, JJ., concur.

MANOUKIAN, J., dissenting:

This is an appeal involving a claim for personal injuries by plaintiff-appellant, Susan E. Nehls, which arises out of an accident which occurred at the intersection of Desert Inn Road and Paradise Road in Las Vegas. The impact occurred when the automobile driven by defendant-respondent, Claire V. Leonard, followed by a vehicle driven by one Launius, in which appellant was a passenger, attempted to negotiate right hand turns from the west bound lanes of Desert Inn Road, northbound on to Paradise Road. Both vehicles were in a right-turn traffic lane which was defined by a triangular concrete island. Respondent's vehicle stopped initially and then progressed forward, with the Launius vehicle doing likewise. The accident occurred when the preceding vehicle stopped for a second time and the Launius vehicle failed to similarly stop.

The majority opinion states, *inter alia* that "it appears factual issues exist as to whether respondent was negligent in stopping as she did, and as to whether such action proximately caused appellant's injury. At a trial, the evidence may persuade the jury that respondent Leonard stopped suddenly and without adequate warning, that the stop unnecessarily exposed appellant to unreasonable risk, and that the stop constituted a substantial factor in causing the collision in which appellant sustained injuries." I cannot agree, and for the following reasons, dissent.

The salient facts are uncontroverted and the issue that I perceive to be before us is the interpretation given to these facts. It

is clear to me that respondent was driving carefully, making the turns in the turn-off of the right hand traffic lane and was observing approaching traffic on Paradise Road, which is a heavily traveled thoroughfare in Las Vegas.

Appellant's assertion that respondent's negligence in coming to a second stop is the sole cause of the collision, is simply without factual or legal support. Both appellant and respondent have characterized the respondent's vehicle's second stop as sudden. Even so, both vehicles were moving quite slowly, appellant herself discerned the potential for the rear-end collision and timely brought her concern to the attention of Ms. Launius. It is undisputed that Launius was not attentive to respondent's vehicle. Moreover, it is apparent from appellant's own testimony given during the taking of her deposition, that Ms. Launius turned her head to look to the left and simply was not able to react quickly enough to the second stop of respondent's vehicle. Launius' own deposition testimony is consistent with that of appellant. Finally, the evidence shows that respondent's rear brake lights were on, signalling the second stop. This satisfies the requirement of NRS 484.345. Appellant cannot successfully contend that the second stop was unanticipated. Rhoades v. DeRosier, 546 P.2d 930, 933 (Wash.App. 1976); Miller v. Cody, 252 P.2d 303, 305 (Wash. 1953).

There are circumstances in which the physical setting itself provides sufficient notice to obviate the need for a signal. I believe that the instant case presents such an obvious instance. Even had there been no oncoming traffic, in view of the heavily travelled thoroughfare in question, I do not believe that respondent's second stop to double check violated any duty owed to appellant. Indeed, it was a reasonable act. *See* Massingille v. Meridith, 408 S.W.2d 209, 211 (Ky.App. 1966) (directed verdict for defendant).

On this record, I, as was the case with the trial court, am unable to find any evidence of negligence on the part of respondent in making the second stop. It is also determinable from the undisputed facts that the vehicle in which appellant was riding was negligent in following too close to respondent's vehicle and not being attentive to respondent's vehicle, rather than looking to the left until she was certain that respondent had entered the thoroughfare and was proceeding therefrom. Folse v. Spruell, 203 S.2d 908, 911 (La.App. 1967). Moreover, it is the second, not the lead driver, that has the primary duty of avoiding a collision. *See* Jarboe v. Pine, 366 P.2d 783 (Kan. 1961); Miller v. Cody, 252 P.2d 303, 305.

In my view, the driver of the second vehicle had the obligation to maintain a very close look-out for a sudden stop by the

preceding driver, or, borrowing the language of NRS 484.319, which governs vehicles entering intersections not controlled by police officers or traffic lights, to "proceed cautiously." Again, the second stop cannot be said to be unanticipated. Rhoades v. DeRosier, 546 P.2d at 933. I believe that respondent met, but Launius failed to meet, the reasonable motorist test. *See* Ewing v. Izer, 412 P.2d 795, 797 (Ore. 1966). The trial court properly concluded that the driver of the vehicle in which appellant was a passenger was guilty of negligence which was the proximate cause of the accident.

No genuine issue of material fact exists to warrant a trial on the merits. NRCP 56(c). *Compare* Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682 (1962) (evidence was, as a matter of law, insufficient to establish negligence and proximate cause). Accordingly, I would affirm the lower court's order granting summary judgment to respondent.