VERONICA M. STONE, Appellant, *v.* MISSION BAY MORTGAGE COMPANY and RICHARD WOOD aka RICH WOOD, Respondents.

No. 13123

December 1, 1983                           672 P.2d 629

*Reid and Alverson,* and *Eric Taylor,* Las Vegas, for Appellant.

*Dennis M. Sabbath,* and *Dennis A. Kist,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment in favor of the respondents, Mission Bay Mortgage Company ("Mission Bay") and Richard Wood.

Appellant Veronica Stone filed a complaint in district court alleging that an oral contract of employment for "not less than one year" was made between herself and Mission Bay prior to her beginning work for Mission Bay in January, 1980, and that Mission Bay terminated Stone two weeks after she started work. She later admitted that her employment was subject to a 30-day probationary period, but she contended that the reason given for her termination after only two weeks with Mission Bay was that business had slowed down, which was contrary to her understanding that she would only be terminated if her work was found to be unsatisfactory. After beginning work with Mission Bay, and before she was given her notice of termination, she filled out and signed an "Application for Employment." Above her signature the application stated in small print that she agreed that her employment was for no definite period and that she might be terminated at any time without any previous notice.

In her complaint, Stone asserted two causes of action, namely, a breach of contract action on the alleged one-year oral contract, and a tort cause of action asserting that she had been fraudulently induced into the contract of employment by misrepresentations made by Richard Wood of Mission Bay.

In the summary judgment proceedings below, and on appeal, respondents have made the following arguments: (1) Stone was a probationary employee when terminated, and thus could be terminated at any time without cause during the probationary period regardless of the existence of a one-year

contract; (2) any oral contract for "at least one year" is unenforceable under the statute of frauds, NRS 111.220(1); and (3) Stone's tort cause of action is also barred by the statute of frauds. The district court granted summary judgment without stating its reasons. We reverse, finding no basis for a summary judgment on any of the above three arguments.

In reviewing the propriety of a summary judgment under NRCP 56, we must accept as true all evidence favorable to the party against whom the judgment was rendered. Bowyer v. Davidson, 94 Nev. 718, 720, 584 P.2d 686, 687 (1978); Potter v. Mutual Benefit Life Ins. Co., 93 Nev. 90, 560 P.2d 914 (1977). A litigant has a right to trial where there is the slightest doubt as to the facts. Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981). In view of this standard, we hold that the trial court erred in granting summary judgment because genuine issues of material fact are present in this case.

The phrase "probationary employee" does not necessarily mean that the employee may be terminated without cause at any time during the probationary period. The conditions of a probationary period, like any other part of an employment contract, may be set by agreement between the parties. *See, e.g.,* Willis v. Asbury Transportation Co., 386 P.2d 934 (Wyo. 1963). Stone should be allowed to prove at trial the existence and terms of the agreement regarding her probationary period, since these facts are in dispute.

Respondents argue, however, that the small print above Stone's signature on the application for employment constituted an agreement between the parties that defined the terms of the probationary period as allowing the employer to terminate the employee at any time without cause.[1] The evidence in the record, however, did not demonstrate that, as a matter of law, the application was intended to be the contract between the parties. Indeed, the inferences from Stone's deposition testimony indicate that the application was completed and signed by her for informational purposes only. Thus, genuine issues of material fact remain with regard to the significance of the application for employment, *i.e.,* whether both parties intended the application form to constitute their contract. *See*

---

[1] The application form contains the following statement in small print immediately above appellant's signature: "I understand and agree that my employment is for no definite period and may, regardless of the date of payment of my wages and salary, be terminated at any time, without any previous notice."

Smith v. Recrion Corp., 91 Nev. 666, 541 P.2d 663 (1975) (a showing of contractual intent necessary to prove a contract).

Respondents' argument concerning the statute of frauds is also without merit. They argue that the oral employment contract for "not less than one year" was not intended by the parties to be performed within one year, and therefore is unenforceable under the statute of frauds.[2] Because of the alleged probationary period, however, the contract could have been terminated within one year. The termination would have been pursuant to the provisions of the alleged contract and without a violation of its terms. Therefore, the alleged employment contract does not fall within the statue of frauds.[3] *See* Girton v. Daniels, 35 Nev. 438, 129 P. 555 (1913) (oral lease of mine for two years, which required lessee to perform a certain amount of work, not within the statute of frauds because it could have been terminated by the lessor within a year if the lessee did not perform enough work); White Lighting Company v. Wolfson, 438 P.2d 345 (Cal. 1968); Thompson v. Industrial Lumber Co., 599 P.2d 468 (Or.Ct.App. 1979); McRae v. Lindale Independent School District, 450 S.W.2d 118 (Tex.Civ.App. 1970).

In light of our conclusion above that the statute of frauds does not render the oral contract in this case unenforceable, it is not necessary to discuss respondents' argument that the tort cause of action for misrepresentation was also barred by the statute of frauds. In conclusion, respondents failed to prove as a matter of law that there is no genuine issue as to a material fact, and the district court should not have granted summary judgment. We therefore reverse the summary judgment and remand for further proceedings.

---

[2]NRS 111.220 provides in pertinent part:

In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof expressing the consideration, be in writing, and subscribed by the party charged therewith:
1. Every agreement that, by the terms, is not to be performed within 1 year from the making thereof. . . .

[3]We need not decide whether the employment contract in this case would have otherwise been barred by the statute of frauds had its terms not contained the probationary period.