## MA-GAR MINING & EXPLORATION CORPORATION, Appellant, v. COMSTOCK BANK, a State Bank Organized Under the Laws of the State of Nevada, and MARIE WOLF, THEODORE H. STOKES, THOMAS CLARNO, ROBERT WHEAR, LOU MASTIS, DEE McLEMORE, Individually, and as Members of the Board of Directors, Respondents.

No. 14601

January 25, 1984                    675 P.2d 992

*F. Thomas Eck III,* Carson City, for Appellant.

*Allison, Brunetti, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order granting summary judgment. For reasons set forth hereinafter, we reverse the summary judgment and remand the case for trial.

Appellant Ma-Gar Mining & Exploration Corporation (Ma-Gar) borrowed $30,000.00 from respondent Comstock Bank (Bank). Pursuant to the loan terms, Thurman Overfelt, as president of Ma-Gar, executed a promissory note, security agreement and continuing guarantee. The loan was apparently over-secured by personal property of Ma-Gar consisting of vehicles and machinery. At the time of the loan, Ma-Gar had two checking accounts with Bank: a general account and payroll account. When the note became due, Bank apparently refused to renew the loan and demanded payment in full the following day. Because payment was not made, Bank's board of directors elected to exercise its right of setoff against both of Ma-Gar's checking accounts and apply this sum toward the amount due. Three weeks later, Ma-Gar paid the balance due on the note.

Ma-Gar subsequently filed suit against Bank. Bank filed its answer and later its motion for summary judgment, which Ma-Gar opposed. The district court granted summary judgment for Bank, finding that there was no genuine issue as to any material fact and that Bank was entitled to judgment as a matter of law. We disagree. Because there were genuine issues as to material facts still in dispute, the summary judgment must be reversed and the case remanded for trial.

There are at least two issues of material fact which remain in dispute. First, we consider whether Ma-Gar's loan was subject to a renewal commitment by Bank which was breached. Ma-Gar opposed the motion for summary judgment with an affidavit by Overfelt indicating that at the time the loan was closed Overfelt was assured by Bank's president "that the note would be renewed upon maturity if needed by MA-GAR." Because such an agreement to renew would not contradict the loan transaction as established by the parties' written documents, the parol evidence rule is inapplicable.

Second, whether Bank could properly exercise its right of setoff against Ma-Gar's payroll account is dependent upon whether Bank agreed that the account was a trust fund for employees and unavailable for setoff. Overfelt's affidavit also states that he and Bank's president considered the payroll account "trust funds for the benefit of employees" and that he "has been informed by MR. LANDING that at no time did he as President of COMSTOCK BANK consider the payroll funds available for offset and that such an offset was considered by him to be a violation of banking practices and a violation of any understanding between your Affiant and COMSTOCK BANK." Although the loan instruments prepared by Bank

made "boilerplate" reference to the availability of special accounts for setoff, it is unclear that the payroll account in question would fit in that category. In particular, if the then Bank president agreed with Overfelt to specifically exclude the payroll account as a source of setoff, the intention and agreement of the parties should be respected. The parol evidence rule should be no obstacle to the resolution of uncertainties or ambiguities created by an apparent conflict between the written terms of an agreement and the practical construction placed on the written terms by an express oral understanding of the parties. While the term "special account" may have an accepted commercial meaning, and while a payroll account may, under ordinary circumstances, be properly considered to be within the special account category, it may not be clear to the ordinary borrower. In any event, if it is shown that both parties considered the payroll account to be a trust account outside the special account classification, this should be controlling. Justification for the admissibility of parol may be found in the resolution of ambiguity or uncertainty.

The statements made by Overfelt in his affidavit comport with NRCP 56(e) requiring him to "set forth specific facts showing that there is a genuine issue for trial." The rule is, of course, well recognized that the party opposing summary judgment is entitled to have all evidence in his favor accepted as true. Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981). Accepting Overfelt's statements as true, we find that there are genuine issues of material fact which remain in dispute. The trial court therefore erred in granting summary judgment.

In view of our disposition of the issues noted above, it is unnecessary to address other issues raised by the parties. Upon remand, appellant will be entitled to pursue the theories of his complaint at trial.

The order of the district court is reversed and the case remanded for trial on the merits.