DONALD S. SHEPARD and NANCY SHEPARD, Appellants, v. JOHN M. HARRISON, Respondent.

No. 14721

March 28, 1984                    678 P.2d 670

*Richard W. Myers,* Las Vegas, for Appellants.

*Harding & Dawson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment and a dismissal

under NRCP 41(b) in an action for property damages. Because we believe that triable issues of fact remain, we reverse and remand.

Appellants (the Shepards) and .respondent Harrison owned adjacent residences in a Las Vegas neighborhood. Harrison's property was located at an elevation higher than the Shepard's property.

Harrison had a swimming pool in his backyard. A concrete terrace surrounded the pool, and a cinder block wall enclosed the rectangular pool area on all four sides. One side of the wall ran along the boundary between the parties' properties. A patio was located between Harrison's house and the swimming pool area, at an elevation higher than the swimming pool area.

A rainstorm struck Las Vegas on October 20, 1978. Harrison woke up on the morning of that day to find that his swimming pool area was some three feet under water, and that more water was pouring "like a waterfall" from the patio area into the swimming pool area. Some 45 minutes later, the water level had increased to approximately 4½ feet. At this time the rear portion of the cinder block wall broke, and a huge quantity of water cascaded into the Shepard's backyard.

As a result of this incident, the Shepards filed this lawsuit against Harrison, alleging essentially that Harrison had negligently maintained his property, and claiming substantial property damage. Harrison obtained a summary judgment on the Shepard's complaint, but the Shepards obtained permission to amend their complaint to assert only causes of action not based on negligence, *i.e.,* nuisance, trespass and strict liability for ultrahazardous activity.

The matter eventually proceeded to trial on the causes of action not based on negligence. After the Shepards presented their case, however, Harrison obtained a dismissal of the amended complaint pursuant to NRCP 41(b). The trial court entered judgment for Harrison based on the previous summary judgment on the negligence cause of action and the NRCP 41(b) dismissal on the other causes of action. This appeal followed.

We have frequently emphasized the strict standards which should be applied by the district courts in deciding motions for summary judgment and motions to dismiss under NRCP 41(b). Summary judgment is appropriate only when the moving party is entitled to judgment as a matter of law, and no genuine issue remains for trial. Cladianos v. Coldwell Banker, 100 Nev. 138, 676 P.2d 804 (1984); Allied Fidelity Ins. Co. v. Pico, 99 Nev. 15, 656 P.2d 849 (1983); Nehls v. Leonard, 97 Nev. 325, 630 P.2d 258 (1981). Where an issue of material fact exists, sum-

mary judgment should not be granted. Casarotto v. Mortensen, 99 Nev. 392, 663 P.2d 352 (1983). The district court should exercise great care in granting summary judgment. Leslie v. J. A. Tiberti Constr. Co., 99 Nev. 494, 664 P.2d 963 (1983); Allied Fidelity Ins. Co. v. Pico, *supra*. A litigant has the right to trial where there is the slightest doubt as to the facts. Stone v. Mission Bay Mortgage Co., 99 Nev. 802, 672 P.2d 629 (1983); Nehls v. Leonard, *supra*.

Great care must also be exercised in ruling on a motion to dismiss under NRCP 41(b). In evaluating a motion to dismiss at the close of a plaintiff's case, plaintiff's evidence and all reasonable inferences that can be drawn from the evidence must be admitted, and the evidence must be interpreted in the light most favorable to plaintiff. Alford v. Harolds Club, 99 Nev. 670, 669 P.2d 721 (1983); Combustion Engineering, Inc. v. Peters, 99 Nev. 329, 661 P.2d 1304 (1983).

The present case involves questions relating to respondent's negligence. In Nevada, issues of negligence are considered issues of fact and not of law; thus, these issues are for the jury to decide. Nehls v. Leonard, *supra;* Andolino v. State of Nevada, 97 Nev. 53, 624 P.2d 7 (1981). A party's negligence becomes a question of law only when the evidence will support no other inference. *See* Horvath v. Burt, 98 Nev. 186, 643 P.2d 1229 (1982) (contributory negligence). To the extent that the Shepards' causes of action raised questions regarding the reasonableness of Harrison's conduct, our review of the record persuades us that the district court erred by ruling, as a matter of law, that Harrison was not liable for the Shepard's alleged injuries.

Reversed and remanded for further proceedings.