SVEN SORENSEN AND SUSAN SORENSEN, APPELLANTS, v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF NEVADA, RESPONDENT.

No. 15457

March 11, 1985                                    696 P.2d 995

*David Hamilton,* Reno, for Appellants.

*A. D. Jensen,* Reno, for Respondent.

## OPINION

*Per Curiam:*[1]

On January 5, 1978, Sven Sorensen applied for a loan from First Federal Savings & Loan Association to purchase a condominium under construction. On January 12, 1978, Sorensen was advised that his credit report had been received and his application approved. Along with the approval, Sorensen received applications for mortgage life and mortgage disability insurance. Sorensen completed the applications for insurance on January 25, 1978, and returned them to the bank. Sorensen was required to pay a loan origination fee of $250.00 for First Federal's services in processing the loan package, obtaining verification and approval, and for the time of the loan officer.

On June 21, 1978, the loan on the condominium closed. On July 26, 1978, Sorensen sustained a back injury, rendering him disabled from work. Sorensen contacted agents of First Federal, advised them of his injury, and requested claim forms for the disability insurance benefits. The forms were filled out by Sorensen's physician on August 11, 1978, and returned to First Federal.

When First Federal received the completed forms it was discovered that the insurance application had never been sent to the insurance company. The date on the application was changed from January 25, 1978 to August 11, 1978, and on September 25, 1978 the application was forwarded to Minnesota Mutual Life Insurance Company. On that same day, First Federal informed Sorensen that his disability insurance had not yet been approved and that until First Federal received an approved policy, the disability claim could not be submitted. Sorensen was not advised by First Federal that the application had not been sent. On November 9, 1978, Minnesota Mutual sent a letter to Sorensen

---

[1]THE HONORABLE THOMAS L. STEFFEN, Justice, voluntarily disqualified himself from consideration of this case.

advising him that he was ineligible for disability insurance because of his occupation as an ironworker.

Sorensen brought an action against First Federal claiming breach of covenant of good faith and fair dealing and breach of contract. At the conclusion of Sorensen's case-in-chief First Federal made a motion for involuntary dismissal pursuant to NRCP 41(b). The motion was granted without leave to amend the pleadings. This appeal followed.

> In evaluating a motion to dismiss at the close of a plaintiff's case, plaintiff's evidence and all reasonable inferences that can be drawn from the evidence must be admitted, and the evidence must be interpreted in the light most favorable to plaintiff.

Shepard v. Harrison, 100 Nev. 178, 180, 678 P.2d 670, 672 (1984) (citations omitted).

Interpreting the evidence in a light most favorable to Sorensen, it is apparent that Sorensen could have obtained alternative insurance had he known Minnesota Mutual would not insure him. Because of what may be shown to be First Federal's delinquency in processing the application, it might be concluded that Sorensen was not informed of his uninsurability until it was too late to seek an alternative.

Thus, while we agree with the trial court that Sorensen has failed to state a cause of action for breach of fiduciary duty, we hold Sorensen has presented facts sufficient to state a cause of action in both contract[2] and negligence.[3]

We therefore reverse the order of the trial court and remand for further proceedings consistent with this opinion.

SPRINGER, C. J., MOWBRAY and GUNDERSON, JJ., and ZENOFF, Sr. J.,[4] concur.

---

[2]Sorensen sufficiently alleged a breach of an implied contract to properly process the loan papers.

[3]Although negligence was not expressly pleaded by Sorensen, sufficient allegations were alleged to give First Federal adequate notice of a negligence claim. In fact, in First Federal's answer, contributory negligence was pleaded as an affirmative defense. Sorensen should be granted leave to amend his complaint to expressly state a cause of action in negligence.

[4]THE HONORABLE DAVID ZENOFF, Senior Justice, was designated to sit in this case. Nev. Const., art. 6, § 19; SCR 10.