ALLIED FIDELITY INSURANCE COMPANY, APPELLANT,
*v.* RAYMOND C. PICO, RESPONDENT.

No. 13512

January 20, 1983                              656 P.2d 849

*Fitzgibbons & Beatty* and *James S. Savett,* Las Vegas, for Appellant.

*Wiener, Waldman & Gordon* and *Kenneth C. Freitas,* Las Vegas for Respondent.

---

[7]CHIEF JUSTICE NOEL E. MANOUKIAN is disqualified in this matter. JUSTICE JOHN C. MOWBRAY, has voluntarily recused himself. Pursuant to order entered by the former Chief Justice, SENIOR JUSTICE DAVID ZENOFF has been assigned to participate in the court's deliberation and determination of this matter. *See:* Nev. Const., art. 6, § 19(1)(a) and 19(1)(c), and SCR 10.

## OPINION

*Per Curiam:*

In September, 1979, respondent Raymond C. Pico attempted to purchase a 1956 Thunderbird automobile from the defendant below, Ron Campbell, dba "Elco Sales and Leasing." When the sale was completed, Pico was given a "Retail Buyer's Order and Invoice" as a bill of sale. Under the terms of this invoice, Campbell expressly warranted that he was the lawful owner of the vehicle with a good right to sell, and further warranted that there were no liens or encumbrances against the automobile.

In March, 1980, however, Pico was notified that the Deseret Federal Credit Union was in fact the lawful owner of the Thunderbird with a lien against the vehicle of approximately $2,200. Pico subseqently brought an action against Campbell, alleging breach of warranty and fraud. Appellant Allied Fidelity Insurance Company (Allied) was also named as a defendant, based on a vehicle dealer's bond Allied had issued in the name of "Ron Campbell dba E.L.C.O."[1]

Before trial, Allied brought a motion to dismiss on the ground that Campbell was not the principal covered by Allied's vehicle dealer's bond. This motion was based on a discrepancy between the complaint, which named "Ron Campbell dba Elco Sales and Leasing," and the bond, which named "Ron Campbell dba E.L.C.O." as the covered principal.

Allied's motion to dismiss was successfully opposed by Pico, in part on the basis of an affidavit filed by counsel. This affidavit alleged that counsel had contacted the County Clerk's Office, Department of Indexing, Division of Fictitious Firm Names, and had been given a list of all fictitious firm names beginning with "ELCO," either as one word or separated by periods. Of the five names found, the affidavit continued, only three had been filed prior to the effective date of Allied's bond.

---

[1] Under the terms of this bond, any person injured by the actions of the principal in violation of Chapters 482 and 487 of the Nevada Revised Statutes (governing licensing, registration, sales and leasing, and regulating garages, repair shops and wreckers) could bring an action against the surety.

Of these three, only one contained the name Ronald P. Campbell, dba "Elco Sales." The affidavit also alleged that the Las Vegas Business License Division had issued only one business license to Campbell, also in the name of "Elco Sales."

On the evidence before it, the district court denied Allied's motion to dismiss. Pico subsequently moved for summary judgment against Allied contending that the adverse ruling against Allied's motion to dismiss was now the law of the case on the issue of Allied's principal. After oral argument, the court entered summary judgment against Allied for the amount of the vehicle dealer's bond.

On appeal, Allied argues that entry of summary judgment was inappropriate, as there remained material questions of fact. We agree. This court has noted that great care should be exercised in granting summary judgment. Short v. Hotel Riviera, Inc., 79 Nev. 94, 103, 378 P.2d 979 (1963); McCall v. Scherer, 73 Nev. 226, 231-232, 315 P.2d 807 (1957). Summary judgment is appropriate only when the moving party is entitled to judgment as a matter of law, and no genuine issue remains for trial. Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258 (1981); NRCP 56.

In the instant case, however, there appear to be genuine issues of fact remaining for trial as to two issues. The first concerns whether Allied is liable for breach of the express warranties contained in the invoice. The record on appeal contains a registration certificate which indicates a Ray J. Rees was the registered owner of the Thunderbird at the time Campbell attempted to sell it to Pico. This registration certificate raises the factual question of whether Pico was apprised of Ree's apparent ownership at the time of sale, which is in turn relevant as to the asserted claim of fraud.

The registration also raises factual questions relevant to the alleged breach of warranty of title. We note that the invoice contained an express warranty of good title. NRS 104.2313, which governs the creation of express warranties, provides in pertinent part:

> 1. Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and *becomes part of the basis of the bargain* creates an express warranty that the goods shall conform to the affirmation or promise. . . .

(Emphasis added.) Under this section, actual reliance on an express warranty is apparently not a prerequisite for breach of

warranty, as long as the express warranty involved became a part of the bargain. *See* White & Summers, Uniform Commercial Code (2nd ed., 1980), § 9-4. If, however, the resulting bargain does not rest at all on the representations of the seller, those representations cannot be considered as becoming any part of the "basis of the bargain" within the meaning of NRS 104.2313. A buyer who examines and discovers a defect could conceivably be purchasing without a warranty created by a seller's prior affirmation, if the seller's prior representation did not form a part of the bargain. *See* Sylvia Coal Co. v. Mercury Coal & Coke Co., 156 S.E.2d 1, 7 (W.Va. 1967); Nordstrom, Sales (1970), § 68.

Thus, if Pico was aware of a prior lienholder through the registration in the name of one other than the purported seller, it is possible that the representations on the face of the invoice did not form a part of the basis of the bargain. If these representations did not form a part of the basis of the bargain, they might not constitute express warranties which would be actionable if breached. Whether or not the representations formed a part of the basis of the bargain is a question which must be resolved by the trier of fact.

The second issue on which there appears to be genuine issues of fact remaining concerns whether the Campbell dba "Elco Sales and Leasing" is the Campbell dba "E.L.C.O." named principal in Allied's vehicle dealer's bond. It is true that strict construction in favor of a compensated surety is no longer the policy of the law in this state. Where there is a compensated surety, the surety cannot be discharged from its obligation when there is an alteration or modification in the contract unless it shows it was prejudiced or injured by the variance. Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 367, 468 P.2d 980 (1970).

In the instant case, however, the possibility of prejudice was never addressed, as the trial court determined there was no material question of fact that the "Elco Sales and Leasing" named in the complaint was the same entity as the "E.L.C.O." named in the bond. Despite the trial court's finding, there appears to be the possibility that Allied has been prejudiced by the extension of its bond to cover a principal not expressly named. As Allied noted in the court below, Campbell appears to have engaged in several business enterprises at the time of the sale of the Thunderbird to Pico. One of these enterprises appears to have been conducted under the fictitious name "Elco Sales and Garage," a name certified by Campbell in January, 1979. Although Pico may very well be correct when he

asserts that Campbell was engaged in only one business with a name involving any variant of "Elco" at the time the bond was issued, this alone does not establish the identity of the business which sold the Thunderbird to Pico. From the record before us, there appears to be a factual question as to whether the "Elco Sales and Leasing" named in the complaint is the "E.L.C.O." named in the bond or is instead some variant on "Elco Sales and Garage." Certainly the "Elco Sales and Leasing" named in the complaint bears as close a resemblance to the "E.L.C.O." named in the bond as "Elco Sales and Garage" bears to "Elco Sales and Leasing." Material questions of fact therefore remain, and summary judgment was inappropriate.

Accordingly, the summary judgment against Allied Fidelity Insurance Company is reversed, and this case is remanded.