DESERET FEDERAL CREDIT UNION and CUMIS INSURANCE SOCIETY, INC., Appellants, v. GERALD PIGNOLO, Respondent.

No. 13710

May 19, 1983                                            663 P.2d 354

[Rehearing denied June 30, 1983]

*Edwards, Hunt, Pearson & Hale, Ltd.,* and *W. Randolph Patton,* Las Vegas, for Appellant Cumis Insurance Society, Inc.

*Earl and Earl,* Las Vegas, for Appellant Deseret Federal Credit Union.

*Freedman & Whelton,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment. The motion for summary judgment and the accompanying documentation show that in September of 1978, Donald Sorenson served as manager of appellant Deseret Federal Credit Union and as an officer of an entity known as Capital One of Nevada. Respondent Pignolo became interested in investing in Capital One. As a result, Pignolo allegedly borrowed $10,000 from the Deseret Federal Credit Union, using his Corvette automobile as collateral. Pignolo purchased a cashier's check for $10,000 payable to Capital One of Nevada with the funds that he had received from the credit union. The check was deposited into Capital One's bank account.

The motion for summary judgment and the accompanying documentation further show that Sorenson and a Ronald Campbell assured Pignolo that Capital One would make all principal and interest payments on Pignolo's loan with the credit union. Captial One paid nothing on behalf of respondent Pignolo. In October of 1979, the credit union demanded payment.

Pignolo initiated an action in district court on December 6, 1979. It was alleged, in part, that Donald Sorenson had implied authority to make the statements regarding repayment of the loan; that the credit union, as Sorenson's principal, was bound by the representations; and that Pignolo would not have taken the loan but for the fraudulent acts of Sorenson and Campbell.

The complaint principally sought a judgment rescinding Pignolo's promissory note to the credit union and directing the return of the certificate of title to the Corvette.

Pignolo subsequently moved for summary judgment. Pignolo argued that appellant credit union had admitted in its answer that Sorenson served as its manager both when the loan was obtained and when the statements to Pignolo regarding repayment were made; that Sorenson was acting within the scope of his apparent authority as manager of the credit union in making the representations concerning repayment; and that Deseret Federal Credit Union was liable as a principal for Sorenson's promises and actions. Pignolo submitted an affidavit in support of his motion. Appellants opposed the motion for summary judgment and filed the affidavit of a former board member of the credit union stating, in part, that Sorenson had no authority to excuse a party from repaying a loan to the credit union. The district court granted Pignolo's motion and entered judgment. This appeal followed.

Summary judgment is inappropriate where material questions of fact remain. *See* Allied Fidelity Ins. Co. v. Pico, 99 Nev. 15, 656 P.2d 849 (1983). Applying *Pico* to the present case, it appears that the district court erred in granting summary judgment. One of the principal questions presented in the litigation below is whether Sorenson had apparent authority to relieve Pignolo of his obligation to the credit union. It would appear at this juncture that the alleged representation that Capital One would repay the credit union loan could be imputed to no party other than Capital One. There is no indication of record that respondent was told by Sorenson that Deseret Federal would look only to Capital One for payment. Indeed, the fact that Deseret Federal took respondent's certificate of title to the Corvette would strongly suggest to the contrary. In any event, the record reveals a plethora of material issues of fact which must be resolved by a trial on the merits.

Reversed and remanded for trial.