137 Nev., Advance Opinion 37

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KORTE CONSTRUCTION COMPANY,
D/B/A THE KORTE COMPANY, A
MISSOURI CORPORATION,
Appellant,
vs.
STATE OF NEVADA ON RELATION OF
THE BOARD OF REGENTS OF THE
NEVADA SYSTEM OF HIGHER
EDUCATION, ON BEHALF OF THE
UNIVERSITY OF NEVADA, LAS
VEGAS, A CONSTITUTIONAL ENTITY
OF THE STATE OF NEVADA,
Respondent.

No. 80736

FILED

JUL 29 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court summary judgment, certified as final under NRCP 54(b), in a construction contract action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

*Affirmed.*

Mead Law Group LLP and Leon F. Mead II, Sarah Mead Thomas, and Matthew W. Thomas, Las Vegas,
for Appellant.

Dickinson Wright, PLLC, and Cynthia L. Alexander, Anjali D. Webster, and Taylor A. Anello, Las Vegas,
for Respondent.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-21967

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, HERNDON, J.:

Nevada recognizes that equitable remedies are generally not available where the plaintiff has a full and adequate remedy at law. In this opinion, we clarify that the existence of a bond pursuant to NRS 108.2415 precluded a contractor's ability to maintain a claim for unjust enrichment against the property owner where the subject of the underlying dispute was governed by an express, written contract. We also adopt the Restatement's test for determining when a contractor may maintain an unjust enrichment claim against a defendant property owner even though the contractor's contract was with the lessee, not the property owner. *See* Restatement (Third) of Restitution and Unjust Enrichment § 25 (Am. Law Inst. 2011). The district court granted summary judgment for respondent property owner because the bond provided sufficient guaranty for the lien and the factual circumstances did not warrant otherwise. We agree with the district court's reasoning that the bond provided an adequate remedy at law and the unjust enrichment claim was improper. We therefore affirm the judgment.

*FACTS AND PROCEDURAL HISTORY*

Respondent, Board of Regents of the Nevada System of Higher Education, on Behalf of the University of Nevada, Las Vegas (UNLV), entered into an agreement with UPA 1, LLC. The agreement contemplated UNLV purchasing certain real property and leasing it to UPA, whereby UPA and other possible third parties would fund and construct student

SUPREME COURT
OF
NEVADA

(O) 1947A

2

housing and other commercial establishments.[1] UPA then entered into a construction contract with appellant Korte Construction Company.

A dispute arose between UPA and Korte regarding the work performed under the construction contract. Consequently, Korte recorded a mechanics' lien against the entire property and filed a complaint setting forth claims against multiple parties, including claims against UPA for breach of contract and foreclosure of the mechanics' lien, and against UNLV for unjust enrichment. Korte amended its claim to foreclose on the mechanics' lien against the surety bond but maintained its claim against UNLV for unjust enrichment. Korte continued receiving additional payments from UPA since recording its mechanics' liens and ultimately recorded a third amended notice of lien for $2,899,988.72.

After a hearing, the district court granted summary judgment in UNLV's favor, precluding Korte's unjust enrichment claim against UNLV on two grounds. First, the court determined that Korte had an adequate remedy at law because the bond for $5,448,592.81 exceeded the amount claimed by Korte for its services. Second, the district court determined that Korte's claim was barred given that an express, written contract governed the underlying dispute. The court certified the summary judgment as final under NRCP 54(b).

Korte now appeals, disputing whether the bond provides an adequate remedy, such that its unjust enrichment claim is barred. Korte contends that the district court's decision was contrary to established

---

[1]The original lease was between UNLV and UPA 1, LLC's predecessor University Park LLC. University Park LLC assigned its leasehold interest in the project to UPA 1, LLC.

Nevada precedent and prematurely adjudicated in UNLV's favor. We disagree and thus affirm the district court's judgment.

## DISCUSSION

This court reviews a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.*; *see also* NRCP 56(a). "[T]he evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Wood*, 121 Nev. at 729, 121 P.3d at 1029. "A factual dispute is genuine when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party." *Id.* at 731, 121 P.3d at 1031.

*The presence of the bond precludes recovery on the unjust enrichment claim*

NRS Chapter 108 contains the procedures for obtaining and releasing mechanics' and materialmen's liens. Where the principal and a surety execute a surety bond in an amount equal to 1.5 times the lienable amount in the notice of the lien, the surety bond shall replace the property as security for the lien. *See* NRS 108.2415(1); NRS 108.2415(6)(a) ("Subject to the provisions of NRS 108.2425, the recording and service of the surety bond pursuant to . . . [NRS 108.2415(1)] releases the property described in the surety bond from the lien and the surety bond shall be deemed to replace the property as security for the lien."). Further, relevant provisions "must not be construed to impair or affect the right of a lien claimant . . . to maintain a civil action to recover that debt against the person liable therefor or to submit any controversy arising under a contract to arbitration to recover that amount." NRS 108.238.



(O) 1947A

Korte disputes whether the bond provides an adequate remedy, such that its unjust enrichment claim is barred. Korte argues that NRS 108.238 demonstrates that the existence of the bond should have no bearing on its ability to maintain its alternative claim of unjust enrichment against UNLV. UNLV contends that because the bond provides an adequate remedy, summary judgment was proper.

Here, Korte had two options: either seek recovery against the debt itself in a breach of contact action, or file an action to enforce the lien against the debt's security. *See* NRS 108.2421. The existence of the mechanics' lien did not impair this choice. *See Lane-Tahoe, Inc. v. Kindred Constr. Co.*, 91 Nev. 385, 390, 536 P.2d 491, 495 (1975) ("The mechanics' lien law does not impair the right to sue for the debt claimed to be due."), *disapproved on other grounds by Cty. of Clark v. Blanchard Constr. Co.*, 98 Nev. 488, 491 n.2, 653 P.2d 1217, 1219 n.2 (1982). Nevertheless, Korte elected to recover on the underlying debt against UNLV and to foreclose on the lien by bringing an action on the bond. *See, e.g., Benson v. State Eng'r*, 131 Nev. 772, 782 n.7, 358 P.3d 221, 228 n.7 (2015) (recognizing that under Nevada law, equitable remedies are generally not available where the plaintiff has a full and adequate remedy at law.).

As the district court recognized in its order, UPA properly posted a surety bond for the subject property. The plain language in NRS 108.2415(1) suggests that the bond for $5,448,592.81 is a sufficient guaranty of the last, and therefore operative, lien for $2,899,988.72. NRS 108.2415(1). The surety bond is deemed to replace the property as security for the lien. *See* NRS 108.2415(6)(a). Korte's contention that the bond alone is inadequate is unsubstantiated, as the bond ensures Korte a full and adequate remedy at law because it exceeds 1.5 times the amount Korte claims to be owed. *See Pellegrini v. State*, 117 Nev. 860, 878, 34 P.3d 519,

SUPREME COURT
OF
NEVADA

(O) 1947A

5

531 (2001) (recognizing equitable principles will not justify a court's disregard of statutory requirements), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1097 n.12 (2018). Thus, the district court properly concluded that summary judgment was appropriate, as the surety bond precluded Korte from asserting its claim of unjust enrichment against UNLV.

*The unjust enrichment claim against UNLV cannot succeed under the circumstances*

The district court also properly concluded that Korte could not maintain a claim of unjust enrichment against UNLV because the contracts between UNLV and UPA, and UPA and Korte, precluded such a claim. Korte argues that Nevada law permits it to maintain an unjust enrichment claim against UNLV despite the contracts.[2] We take this opportunity to clarify whether a contractor's claim of unjust enrichment against a property owner may lie when there is no contract between the contractor and the property owner.

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under

---

[2]The parties present numerous arguments concerning whether *LeasePartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 113 Nev. 747, 942 P.2d 182 (1997), or *Bowyer v. Davidson*, 94 Nev. 718, 584 P.2d 686 (1978), apply here and whether the two decisions are contradictory. The parties, however, overlook the fact that the two cases are factually distinguishable from each other and from this matter. While each of these cases is persuasive to the extent the factual circumstances therein align with the circumstances present here, we take this opportunity to clarify that a court must apply the test from Section 25 of the Restatement (Third) of Restitution and Unjust Enrichment in determining whether an unjust enrichment claim may lie under these circumstances.

circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (2012) (internal quotation omitted). Nevada jurisprudence relies on the First and Third Restatements of Restitution and Unjust Enrichment for guidance. *See id.* at 381-82, 283 P.3d at 256-57 (citing Restatement (Third) of Restitution and Unjust Enrichment § 1 (Am. Law Inst. 2011) and Restatement (First) of Restitution § 1 (Am. Law Inst. 1937)). Benefit "denotes any form of advantage," including but not limited to retention of money or property. *Id.* at 382, 283 P.3d at 257 (internal quotation omitted). However, "principles of unjust enrichment will not support the imposition of a liability that leaves an innocent recipient worse off . . . than if the transaction with the claimant had never taken place." *Id.* (quoting Restatement (Third) of Restitution and Unjust Enrichment § 1 cmt. d).

For an enrichment to be inequitable to retain, the person conferring the benefit must have a reasonable expectation of payment and the circumstances are such that equity and good conscience require payment for the conferred benefit. *See id.* at 381, 283 P.3d at 257. But our review of the record indicates that UPA would be responsible for any work performed to assure adequate recovery for Korte. Korte did not argue that the guaranty, in which UPA and UNLV agreed to limit UNLV's liability, was invalid. Nor did Korte provide any argument that UNLV induced Korte to provide its services or promised direct payments. In this context, Korte would not be entitled to succeed on an unjust enrichment claim in addition to seeking relief under a breach of contract claim because any alleged enrichment or retention of any benefit to UNLV resulting from Korte's services was not unjust here. *See id.* at 381-82, 283 P.3d at 257 (noting that a plaintiff seeking payment for "as much as he deserves" based on a theory

of restitution must establish each element of unjust enrichment (internal alterations and quotations omitted)).

The Restatement describes that restitution is available after a claimant has rendered a contractual performance to a third person, the claimant has not received the promised compensation, and the uncompensated performance confers a benefit onto the defendant. Restatement (Third) of Restitution and Unjust Enrichment § 25(1) (Am. Law Inst. 2011). The rule requires three conditions for unjust enrichment under such circumstances: (1) "[l]iability in restitution may not subject the defendant to a forced exchange"; (2) "[a]bsent liability in restitution, the claimant will not be compensated for the performance in question, and the defendant will retain the benefit of the claimant's performance free of any liability to pay for it"; and (3) "[l]iability in restitution will not subject the defendant to an obligation from which it was understood by the parties that the defendant would be free." *Id.* § 25(2)(a)-(c). It is a "fundamental requirement of unjust enrichment in these circumstances . . . that [the defendant] must stand to obtain a valuable benefit at [the plaintiff's] expense *without paying anyone* for it." *Id.* § 25 cmt. b (emphasis added).

With these principles in mind, we find that the district court properly concluded that the contracts between UNLV and UPA, and UPA and Korte, precluded Korte's claim of unjust enrichment against UNLV. Despite UNLV's ownership interest in the property, it does not have immediate possession of the project or any improvements on the property. UNLV would be placed in a worse position than it bargained for if UNLV were required to pay Korte, in addition to the consideration it paid UPA, in exchange for executing an agreement with UPA. *See also Lipshie v. Tracy Inv. Co.*, 93 Nev. 370, 379, 566 P.2d 819, 824 (1977) ("To permit recovery by quasi-contract where a written agreement exists would constitute a

SUPREME COURT
OF
NEVADA

(O) 1947A

8

subversion of contractual principles."). Thus, as a matter of law there can be no unjust enrichment, as UNLV has "paid the contract price" to UPA—that is, "the price originally fixed by contract for the work to which [Korte] has made an uncompensated contribution," and because UPA and UNLV agreed to limit UNLV's liability. Restatement (Third) of Restitution and Unjust Enrichment § 25 cmt. b.

Korte's only argument of a disputed material fact was whether it conferred a benefit upon UNLV. Section 25 of the Restatement (Third) of Restitution and Unjust Enrichment is persuasive in determining that Korte failed to raise a genuine issue of material fact to dispute that any alleged enrichment to UNLV was inequitable where the bond and viable contract claim against UPA ensures an adequate remedy at law. Accordingly, we conclude that the district court properly granted summary judgment for UNLV where Korte failed to establish the elements required to maintain an unjust enrichment claim. *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (explaining that summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law).

## CONCLUSION

If a surety bond executed by a lessee provides sufficient funds to cover damages incurred by a plaintiff, the plaintiff may not seek a separate unjust enrichment claim from a defendant property owner. Further, we adopt the Restatement's test for determining when a contractor may maintain an unjust enrichment claim against a defendant property owner for services the contractor rendered to a third person. Restatement (Third) of Restitution and Unjust Enrichment § 25 (Am. Law Inst. 2011).

Summary judgment for UNLV was appropriate because the surety bond ensured Korte had an adequate remedy at law and because the factual circumstances present precluded Korte's claim for unjust enrichment. We therefore affirm the district court's order granting summary judgment in respondent's favor.

_____, J.
Herndon

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A